Doris L. GOSSETT et al.,
Plaintiffs-Appellants,

v.

DU–RA–KEL CORPORATION, d/b/a Swanee's Motel, and Duane V. Swanson, Individually, Defendants-Appellees.

No. 76–1540.

United States Court of Appeals,
Fifth Circuit.

March 16, 1978.

Before WISDOM and GEE, Circuit Judges, and VAN PELT *, District Judge.

GEE, Circuit Judge:

The appellants, members of the Gossett family, brought this action under the Fair Labor Standards Act to recover from the defendants minimum wages totalling $5,486.64. They alleged that in 1975 they were employed for slightly over two months at Swanee's Motel, one of two motels owned by the defendant-appellee Du-Ra-Kel Corporation and managed by Du-Ra-Kel's president, defendant-appellee Duane Swanson. According to the Gossetts' pleadings, they were paid no wages for their work, which consisted of cleaning, laundering and general upkeep, although the defendants maintained that the Gossetts had been paid in kind through provision of lodging.

After submitting a supporting affidavit, the defendants moved to dismiss on the ground that they were exempt from the minimum wage requirements. The Gossetts opposed the motion and filed their own affidavit. The district court treated the motion and affidavits as a motion for summary judgment, *see Tuley v. Heyd*, 482 F.2d 590 (5th Cir. 1973), and granted summary judgment for defendants. The Gossetts appeal.

The question on appeal concerns the propriety of summary judgment at this juncture of the proceedings. The purpose of a motion for summary judgment is to test the intrinsic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense. Such a motion is not a substitute for trial, and where the record, examined in the light most favorable to the nonmoving party, shows any material facts or factual inferences in dispute, we have consistently held that summary judgment is inappropriate. *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135 (5th Cir. 1973);

Kirby R. Moore, James B. McLaughlin, Jr., Macon, Ga., Robert N. Willis, Atlanta, Ga., for plaintiffs-appellants.

Duane V. Swanson, pro se.

* Senior District Judge of the District of Nebraska, sitting by designation.

*Bruce Construction Corp. v. United States,* 242 F.2d 873 (5th Cir. 1957). The moving party bears the burden of showing that there are no such genuine factual issues and that he is entitled to summary judgment as a matter of law. On the other hand, one who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial, or at the very least stating reasons why he cannot do so. Fed.R.Civ.P. 56; *see, e. g., Central Oil & Supply Corp. v. United States,* 557 F.2d 511 (5th Cir. 1977); *Golden Oil Co. v. Exxon Co., U.S.A.,* 543 F.2d 548 (5th Cir. 1976); *Kellerman v. Askew,* 541 F.2d 1089 (5th Cir. 1976); *Bruce, supra.*

The supporting and opposing affidavits in this case concerned the application of certain features of the Fair Labor Standards Act, 29 U.S.C. § 206, *et seq.* This Act generally requires employers in commerce to pay their employees at specified minimum wage levels. The Act, however, does provide for certain exceptions. Among those not covered by the Act are employees employed by retail or service establishments which meet certain requirements as to dollar volume and in-state location of sales. However, a further exception brings within the minimum wage requirements any "establishment or employee engaged in laundering, cleaning, or repairing clothing or fabrics," even in an otherwise exempt retail or service business. 29 U.S.C. § 213(a)(2).

The parties' affidavits in this case relate to both portions of this complex set of statutory provisions, i. e., whether the Swanee Motel qualified as an exempt retail establishment and whether the Gossetts' laundering activities sufficed to bring them within the "exception to the exemption," so that they were to be included within the minimum wage requirements. And of course, cutting across both these questions is the procedural question at issue here: whether either affidavit was sufficient to support or repel summary judgment on either of the two substantive questions.

▮ With respect to the first substantive issue, whether Swanee's Motel was an exempt retail establishment, the defendant-appellees' affidavit made four statements: (1) that the combined gross income from their two motels was $188,227 for fiscal year 1974 and $160,895.12 for fiscal year 1975; (2) that over fifty percent of the sales volume of each motel is made within the state of Georgia; (3) that at least three-fourths of the dollar volume of each motel is collected from purchasers who do not resell the services; and (4) that at least three-fourths of the services of the motels sold to the public at large and recognized as retail services in the motel industry. With the exception of the first statement, these statements track the statute; together these four statements would bring the motels within the retail exemption from minimum wage requirements under 29 U.S.C. § 213(a)(2). We note that the last three statements have a conclusory character and that such bald assertions of ultimate facts are ordinarily insufficient to support summary judgment. *Benton-Volvo-Metairie, supra* at 139; C. Wright & A. Miller, Federal Practice & Procedure: Civil ¶ 2738 (1973). However, the facts asserted here are of an obvious nature (i. e., that motel services are sold in state and are not resold), and insofar as these statements went unchallenged, the district court could fairly have concluded that there was no genuine factual dispute between the parties. *See Munoz v. International Alliance of Theatrical Stage Employees,* 563 F.2d 205, at 214 (5th Cir. 1977), and cases cited therein.

▮ The appellants' counteraffidavit did attempt to contravene the last two of these points, namely those relating to the seventy-five percent retail character of the motel's sales. The Gossetts counteraffidavit stated that they knew "a certain portion of Defendants' guests who stayed at the motel on arrangements of longer than the normal day-at-the-time." This statement goes to the definition of "retail" as set out in 29 C.F.R. 779.382. According to this regulation, a motel's receipts from nontransient tenants do not count as "retail" and may not be counted in the twenty-five percent tolerance for nonretail sales. How-

ever, the district court held that the Gossetts' counteraffidavit was insufficient to repel summary judgment on the retail exemption issue since the affidavit gave no idea of the percentage of the motel's services that was sold to these supposed non-transient lodgers.[1]

■ We agree. The plaintiffs could have requested discovery, and they state no reason why they could not have made some more definite factual assertion about the proportion of service to nontransient guests. The summary judgment procedure does place some obligations on the nonmoving party and does not permit that party to rest on his pleadings or on the plea that he may bring forth opposing facts through further discovery or at trial. *Golden Oil, supra; Oglesby v. Terminal Transport Co.*, 543 F.2d 1111 (5th Cir. 1976). We conclude, therefore, that summary judgments for the appellees was appropriate on the issue of the applicability of the general retail exception to the defendants' motel business.

We reach the opposite conclusion, however, with respect to the grant of summary judgment on the second substantive issue, that is, whether the Gossetts' asserted laundering activities could constitute an exception to the retail or service exemption, so as to defeat summary judgment in favor of the defendant-appellees. As noted above, the statute exempts employees in retail or service establishments from minimum wage requirements "except an establishment or employee engaged in laundering, cleaning, or repairing clothing or fabrics . . . ." 29 U.S.C. § 213(a)(2). A 1970 opinion of the Wage and Hour Administrator stated that this exception applies to individual employees engaged in laundering in motels and hotels; that is, such employees are to be excluded from the retail or service estab-

lishment exemption from minimum wage requirements. Opinion WH–11, March 18, 1970, *see* Wage-Hour Manual (BNA) 91:1393.

The Gossetts' affidavit stated that they "generally spent an average of three hours or more per day in laundering functions during [their] entire employment." The defendants-appellees' affidavit in support of summary judgment did not address the laundering question at all. Nevertheless, the district court granted summary judgment, holding that despite the Wage-Hour Administrator's view, the "laundering exception" applies only to employees in laundering establishments and not to individual employees in other types of retail or service businesses. The district court based this holding on its reading of the legislative history of the present statutory provisions.

■ We reverse as to this aspect of the grant of summary judgment. The legislative history does suggest that in creating a "laundering exception" in the present statutory provisions, Congress was primarily concerned that employees of laundry establishments be covered under minimum wage law, even though those establishments might otherwise have been able to claim the retail or service exemption. S.Rep. No. 1487, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 3002, 3013, 3030. But the language of the laundry exception refers not only to any "establishment" but also to any "employee engaged in laundering." Elsewhere in section 312 Congress referred separately to "establishments" and "employees," and we think it clear that if Congress used both terms in the laundering exception, it meant to include both, even though the primary purpose may have been to pro-

---

1. In addition, the district court said that even persons who were not "day-at-the-time guests" might nevertheless be transients. In support of this view, the district court cited a portion of the regulations defining "transient guests." These regulations say that a transient guest is one "who is free to come and go as he pleases and who does not sojourn in the establishment for a specified time or permanently. A transient is one who is entertained from day to day without any express contract or lease and whose stay is indefinite although to suit his convenience it may extend for several weeks or a season." 29 C.F.R. 779.383(c). We think that it is reasonable to infer that a guest who stays "on arrangements of longer than the normal day-at-the-time" falls outside this definition of "transient" and that summary judgment for the defendants should not be based on contrary inference.

tect employees working in laundries. We are especially persuaded of this in view of the opinion of the Wage and Hour Administrator, as well as this court's interpretation of closely analogous issues under other portions of the Fair Labor Standards Act. The Administrator's opinion is, of course, not binding on this court, but it is entitled to great weight. *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). Moreover, in our opinions concerning the Act's other exemptions, we have held that even an employee working within an exempt business must be paid at minimum wages or overtime rates if his work is of the type covered by the statute; this is true even if the employee spends only a portion of his working time in covered labor. *See, e. g., Marshall v. Gulf & Western Industries, Inc.*, 552 F.2d 124 (5th Cir. 1977); *Skipper v. Superior Dairies, Inc.*, 512 F.2d 409 (5th Cir. 1975); *Brennan v. Sugar Cane Growers Cooperative of Florida*, 486 F.2d 1006 (5th Cir. 1973); *Brennan v. Six Flags Over Georgia, Ltd.*, 474 F.2d 18 (5th Cir. 1973); *Hodgson v. Colonnades, Inc.*, 472 F.2d 42 (5th Cir. 1973); *Hodgson v. Wittenburg*, 464 F.2d 1219 (5th Cir. 1972). As we said in *Six Flags*, "It is the character of the work, not the source of the remuneration, that controls." 474 F.2d at 18. To be sure, the principle legislative purpose—to protect workers in laundry establishments—may be taken into account in determining the "character of the work"; and in ascertaining whether and how much an employee is "engaged in laundering" a court may take into account the degree to which the employee's laundering is a separable activity comparable to that performed by laundry employees.

Since we hold that the laundering exception to the retail exemption applies to an "employee engaged in laundering," an employee in an otherwise exempt retail or service establishment may prove his entitlement to minimum wages by showing that he is "engaged in laundering." The Gossetts' affidavit resisting summary judgment has raised precisely this point, a point that was not even touched upon in the appellees' affidavit in support of summary judgment. The Gossetts' affidavit has thus clearly shown that a genuine issue of material fact exists between the parties. Summary judgment for the appellees was inappropriate as to this issue.

We affirm summary judgment except as to the "laundry exception." With respect to that issue, we reverse and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.