**F. Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**William D. COOK, Defendant-Appellant.**

**No. 77–1276.**

United States Court of Appeals, Sixth Circuit.

Argued April 9, 1979.

Decided June 15, 1979.

---

L. E. Van Eaton, Memphis, Tenn., for defendant-appellant.

Jacob I. Karro, U.S. Dept. of Labor, Washington, D. C., Marvin Tincher, Staff Atty., Thomas L. Rasnic, Regional Atty., U.S. Dept. of Labor, Nashville, Tenn., for plaintiff-appellee.

Before LIVELY and MERRITT, Circuit Judges, and CECIL, Senior Circuit Judge.

MERRITT, Circuit Judge.

Under the minimum wage law, small motels with less than $250,000 in aggregate annual sales are defined as "retail or service establishments" not "engaged in commerce" and, therefore, are expressly exempted from payment of the minimum wage. 29 U.S.C. § 203(s)(2) (1976). But this exemption does not apply to "an establishment or employee engaged in laundering . . .." *Id.* at 213(a)(2). The question in this case is whether the minimum wage law applies to two small motels in the Southwest corner of Memphis a few miles from the Mississippi and Arkansas borders which do a high volume of in-house laundry because they cater to couples who ordinarily stay less than two hours.

The defendant, who operates the motels, appeals from the District Court's decision holding that he must pay his motel employees the minimum wage under § 213(a)(2) because they spend some of their time doing the motel's own laundry in addition to other duties. Clean sheets, good laundering services, and quick bed-making are important at these motels because rooms are rented to different people up to seven times a day. It is quicker and cheaper for the defendant to do his own laundry rather than send it outside, and all of his employees lend a hand to meet the motels' unusual laundry load.

Neither the language of the minimum wage law nor its legislative history indicates that Congress intended that small retail businesses should lose their minimum wage exemption because they wash their own dirty laundry themselves rather than send it to an outside laundry. An opinion letter of the Administrator of the Fair Labor Standards Act, dated March 21, 1966, interpreted the law in accordance with the defendant's position: "A laundering employee employed by a hotel, motel or restaurant which meets the test for exemption . . . would be included within the exemption provided the hotel, motel or restau-

rant performed laundry work ordinarily only upon the establishment's own linens or fabrics of those of its guests." The Administrator later changed this interpretation of the Act and now supports the position argued by the Secretary of Labor.

The Administrator's first interpretation seems to us more in line with the purpose of the 1966 legislation excluding laundries from the small business exemption. 29 U.S.C. § 213(a)(2). The Senate Committee on Labor and Public Welfare report on the legislation reads: "This section repeals the [existing] wage and overtime exemption applicable to employees in *laundry and dry cleaning establishments.* . . . [T]he amendments . . . provide for complete . . . protection for employees *of such establishments,*" S.Rep. No. 1487, 89th Cong., 1st Sess. at 28 (1966) (emphasis added), U.S.Code Cong. & Admin.News 1966, pp. 3002, 3030. "[W]hat Congress intended to accomplish was a sweeping coverage of the entire laundry industry." *National Automatic Laundry and Cleaning Council v. Shultz,* 143 U.S.App.D.C. 274, 290, 443 F.2d 689, 705 (1971). Dominant segments of the industry sought the amendments. They were already paying the minimum wage and had to charge higher prices as a result. They sought coverage of the entire industry in order to remove the competitive price advantage of small operators. *Ibid.*

 A motel, however, is not usually considered "a laundry establishment" or a part of the "laundry industry." Congress was trying to put a floor under the wages paid by these establishments, but there is no indication that Congress was so interested in obtaining business for laundries that it intended that small retail businesses such as restaurants and motels should lose their minimum wage exemption because they wash their own laundry rather than send it outside to a "laundry establishment." We disagree with the recent decision of the Fifth Circuit to the contrary, *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869 (1978). We construe the words of the statute, "employees engaged in laundering," to mean "employees of laundering establishments" and

not employees of restaurants or motels who wash tablecloths, sheets and the like for use on the premises in the ordinary course of business. Not a single line or word of the legislative history suggests that Congress intended to extend the provision to include employees of businesses outside the laundry industry.

Accordingly, the judgment of the District Court is reversed.