**Pearl KNIGHT, Appellant (Plaintiff below),**

v.

**PEERLESS ENTERPRISE, INC. d/b/a Hotel Houston, Noblesville, Indiana, Appellee (Defendant below).**

No. 2–882A246.

Court of Appeals of Indiana, Second District.

March 10, 1983.

Arvin R. Foland, Noblesville, for appellant.

Campbell, Kyle & Proffitt, Carmel, for appellee.

SHIELDS, Judge.

Pearl Knight (Knight) appeals the trial court's granting summary judgment for Peerless Enterprises, Inc. (Peerless). Knight filed suit alleging a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1976), claiming she had not been paid minimum wage or overtime. Peerless answered and raised the defense of an exemption from the FLSA pursuant to 29 U.S.C.A. § 213(a)(2) (Supp.1982). Peerless moved for summary judgment based on its claimed exemption. After a hearing the trial court granted summary judgment in favor of Peerless.

Employers are subject to FLSA provisions regarding wages and overtime unless they fit within a given exemption. The exemption in question is 29 U.S.C.A. § 213(a)(2) which provides:

"(a) The provisions of section 206 . . . and section 207 of this title shall not apply with respect to—. . .

(2) any employee employed by any retail or service establishment (except an establishment or employee engaged in laundering, cleaning, or repairing clothing or fabrics or an establishment engaged in the operation of a hospital, institution, or school described in section 203(s)(5) of this title), if more than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and such establishment is not in an enterprise described in section 203(s) of this title. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sale of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry[.]"

Knight contends she is an "employee engaged in laundry" within the meaning of the parenthetical exception to the exemption. Knight described her duties of employment in her answers to Peerless's interrogatories:

"My duties at the Houston Hotel in Noblesville, Indiana, consisted of the following:

(a) laundry work,

(b) room cleaning,

(c) desk-clerk-when needed, and

(d) collecting rent.

My usual routine was to start the laundry when I initially come [sic] to work, then start the room cleaning, and then alternate these two tasks as best as I could. My desk-clerk duties were irregular in duration."

Record at 38. It is undisputed the laundering done by Knight was of hotel fabrics. Record at 32.

Two cases have dealt with the meaning of the laundering exception. *Marshall v. Cook,* (6th Cir.1979) 600 F.2d 50, focused solely on the word "establishment" in the exception, finding that an "employee engaged in laundering" meant only an employee of an establishment engaged in laundering. *Id.* at 52. *Gossett v. Du-Ra-Kel Corp.,* (5th Cir.1978) 569 F.2d 869, contrary to the *Marshall* court, follows a tenet of statutory construction and attempts to give meaning to each word used in the exception.

*Gossett* involved a family who worked at a motel. The family members claimed they were not paid wages for their work, which consisted of cleaning, laundering, and general upkeep. The motel owner countered they were paid in kind because the family was provided with lodging. The district court granted summary judgment for the motel owner on the grounds the owner was exempt under 29 U.S.C.A. § 213(a)(2) although the Gossetts did engage, at least nominally, in laundry.

The district court wrote:

"The legislative history does suggest that in creating a 'laundering exception' in the present statutory provisions, Congress was primarily concerned that employees of laundry establishments be covered under minimum wage law, even though those establishments might otherwise have been able to claim the retail or service exemption. S.Rep. No. 1487, 89th Cong., 2d Sess., *reprinted in* [1966] U.S. Code Cong. & Admin.News, pp. 3002, 3013, 3030. But the language of the laundry exception refers not only to any 'establishment' but also to any 'employee engaged in laundering.' Elsewhere in section 312 [sic] [213] Congress referred separately to 'establishments' and 'employees,' and *we think it clear that if Congress used both terms in the laundering exception, it meant to include both, even though the primary purpose may have been to protect employees working in laundries."*

*Id.* at 873 (emphasis added).

It is important to note the *Gossett* court did not find the family members were "employees engaged in laundering," but merely held:

"Since we hold that the laundering exception to the retail exemption applies to an 'employee engaged in laundering,' an employee in an otherwise exempt retail or service establishment may prove his entitlement to minimum wages by showing that he is 'engaged in laundering.'"

*Id.* at 874. The Fifth Circuit remanded part of an otherwise affirmed summary judgment for further proceedings because it found a genuine issue of material fact existed between the parties. We adopt the holding and course of action used by the *Gossett* court.

In *Gossett* the employees engaged in laundering three hours a day. Here, Knight claims she cannot attach a percentage to the time she engaged in laundry while Peerless claims she engaged in laundering "to a very limited extent." Record at 32. Even more clearly than in *Gossett,* a genuine issue of material fact exists on the issue of whether the employee was sufficiently engaged in laundering to come within the exception to the exemption.

Peerless was the moving party and, as the moving party, had the burden to negate the non-moving party's claim she was an employee engaged in laundry within the meaning of the exception to the exemption, *i.e.,* that there were not genuine issues of

material facts. *Perry v. Northern Indiana Public Service Co.,* (1982) Ind.App., 433 N.E.2d 44. The only attempt Peerless made consisted of its statement Knight's "duties . . . were as a desk clerk and to clean rooms, including changing beds and linen and to a very limited extent laundering such linen." Record at 32. This statement is not sufficient to negate the exception's applicability in this case.

The phrase "to a very limited extent" is ambiguous because it may describe the priorization of Knight's responsibilities, which priorization may or may not correspond with the actual time expended by Knight in performing her various "duties." Secondly, the phrase is conclusionary and conclusionary facts cannot be used to support or oppose summary judgment. *Loudermilk v. Casey,* (1982) Ind.App., 441 N.E.2d 1379. It is conclusionary as the affiant's inference, "to a very limited extent," is drawn from subordinate or evidentiary facts which do not appear in the affidavit. Black's Law Dictionary 712 (rev. 5th ed. 1979). Examples of omitted evidentiary facts which may be relevant to determining the character of the work include the number of hours Knight expends per working day and/or week performing laundry, the nature of her laundering labors, and the conditions under which her labors are performed.

> "To be sure, the principle legislative purpose—to protect workers in laundry establishments—may be taken into account in determining the 'character of the work'; and in ascertaining whether and how much an employee is 'engaging in laundering' a court may take into account the degree to which the employee's laundering is a separate activity comparable to that performed by laundry employees."

*Gossett,* 569 F.2d at 874.

Because Peerless failed to meet its burden, the summary judgment must be reversed. Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.