PUBLISH

**UNITED STATES COURT OF APPEALS**

<u>**Filed 6/6/96**</u>

**FOR THE TENTH CIRCUIT**

_____

KENNETH HAMILTON, on behalf of          )
himself and all other employees          )
of the Tulsa County Public               )
Facilities Authority similarly           )
situated,                                )
                                         )
    Plaintiff-Appellant,                 )
                                         )
v.                                       )          No. 95-5247
                                         )    (D.C. No. 94-CV-1159)
TULSA COUNTY PUBLIC FACILITIES           )     (N. Dist. of Okla.)
AUTHORITY,                               )
                                         )
    Defendant-Appellee.                  )

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 94-C-1159-K)

_____

Michael T. Keester (Steven A. Broussard with him on the brief) of
Hall, Estill, Hardick, Gable, Golden & Nelson, Tulsa, Oklahoma,
for appellee.

Eric B. Bolusky of Lester & Bryant, Tulsa, Oklahoma, for
appellant.

_____

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

_____

**BARRETT**, Senior Circuit Judge.

_____

    After examining the briefs and the appellate record, this

panel has determined unanimously to honor the parties' request for

a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Kenneth Hamilton, George Bradley, Eddie Ray Tearel, and Rosalee Wood (collectively "Appellants") appeal from the district court's Order granting Tulsa County Public Facilities Authority's (TCPFA) Motion for Summary Judgment and denying Appellants' Motion for Summary Judgment.

Appellants are former employees of TCPFA. Hamilton, Bradley, and Tearel performed maintenance work for TCPFA. Wood was a security guard.[1] During their employment with TCPFA, Appellants were compensated at their regular rate of pay for hours worked in excess of forty hours per week.

TCPFA is a public trust which manages the Tulsa County Fairgrounds. Tulsa County is the beneficiary. By its Charter, TCPFA's primary purpose is to "establish, provide, maintain and promote recreational centers, agricultural and industrial expositions, fairs, trade shows and other recreational facilities and activities." It is undisputed that more than 50% of TCPFA's income is derived from recreational or amusement activities, including the Tulsa State Fair, horse racing, amusement and water

---

[1] Prior to this action, Wood filed a claim for overtime pay under § 207(a) of the FLSA with the Department of Labor. Her claim was denied on the grounds that TCPFA was exempt as an amusement or recreational establishment.

parks, and baseball.

Appellants filed this action to collect unpaid overtime compensation for hours worked in excess of forty hours per week pursuant to the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 207(a).[2] TCPFA defended on the basis that it was not required to pay Appellants overtime under § 207(a), because it was statutorily exempt pursuant to the amusement or recreational establishment exemption to the FLSA, 29 U.S.C. § 213(a)(3).

On October 12, 1995, the district court granted TCPFA's Motion for Summary Judgment finding/concluding that TCPFA was an amusement or recreational establishment and that the exemption found in 29 U.S.C. § 213(a)(3) applied.

On appeal, Appellants contend that the district court erred in granting TCPFA's Motion for Summary Judgment because: (1) they were not covered by the exemption, inasmuch as they were not serving in traditional recreational or amusement activities; and (2) TCPFA does not meet the criteria of a single establishment under the recreational and amusement exemption, inasmuch as the various businesses on the fair grounds constitute separate establishments.

We review a district court's grant or denial of summary judgment de novo, applying the same legal standard used by the

---

[2]     On December 16, 1994, Hamilton filed his complaint. Bradley and Tearel filed Consents of Individuals to Become Party Plaintiff in Collective Action under § 16(b) of the Fair Labor Standards Act on December 29, 1994.  Wood filed her consent to join on February 17, 1995.

district court.  <u>Wolf v. Prudential Ins. Co. of Am.</u>, 50 F.3d 793, 796 (10th Cir. 1995) (citations omitted).  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>Id</u>.

Generally, the FLSA requires employers to pay employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week as "overtime compensation."  29 U.S.C. § 207(a).  However, the FLSA specifically exempts "any employee employed by an establishment which is an amusement or recreational establishment . . .."  29 U.S.C. § 213(a)(3).  "'Amusement or recreational establishments' as used in [§ 213(a)(3)] are establishments frequented by the public for its amusement or recreation."  29 C.F.R. § 779.385.  An amusement or recreational establishment employer qualifies for the exemption if "(A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year. . . ."  29 U.S.C. § 213(a)(3).

a.

It is undisputed that TCPFA's average receipts for any six months are not more than 33 1/3% of its average receipts for the other six months of the year.  Therefore, TCPFA qualifies as an

amusement or recreational establishment under § 213(a)(3)(B). However, Appellants argue that TCPFA is not entitled to the exemption under § 213(a)(3), because the type of work they performed was not traditional amusement or recreational activities.

By its own terms, § 213(a)(3) of the FLSA exempts employees employed by amusement or recreational establishments; it does not exempt employees on the basis of the work performed at an amusement or recreational establishment. It is the character of the revenue producing activity which affords the employer the protection of the exemption. 29 C.F.R. § 779.302. See Hays v. City of Pauls Valley, 74 F.3d 1002, 1006 (10th Cir. 1996); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 596 (11th Cir. 1995); Marshall v. New Hampshire Jockey Club, Inc., 562 F.2d 1323, 1331 n.4 (1st Cir. 1977); Brennan v. Southern Productions, Inc., 513 F.2d 740, 746-47 (6th Cir. 1975).[3] Since TCPFA is in the business of providing "amusement and recreation" to the public and it has satisfied the requirements of § 213(a)(3)(B), its employees are exempt from the requirement of the overtime provisions of the FLSA, 29 U.S.C. § 207(a).

---

[3] In Brennan v. Six Flags Over Georgia, Ltd., 474 F.2d 18, 19 (5th Cir.), cert. denied, 414 U.S. 827 (1973), the Fifth Circuit concluded that "[t]he nature of the work is what gives rise to the need for an exemption; the exemption is not a subsidy accorded to an employer because of his principal activities." We do not agree with this broad statement and decline to follow this view, especially in light of the Fifth Circuit's failure to do so in Brennan v. Texas City Dike & Marina, Inc., 492 F.2d 1115, 1119 (5th Cir.), cert. denied, 419 U.S. 896 (1974), wherein the court concluded that "its principal activity should be determinative of the marina's eligibility for an exemption."

b.

Appellants contend that because the various businesses located on the fairgrounds constitute separate establishments, TCPFA does not meet the requirement of a single establishment under § 213(a)(3) in relation to Hamilton, Bradley and Tearel since they were central maintenance employees who served more than one "establishment" on the fairgrounds.

Appellants rely on Brennan v. Yellowstone Park Lines, Inc., 478 F.2d 285 (10th Cir.), cert. denied, 414 U.S. 909 (1973), in which we held that the various facilities in Yellowstone National Park were separate and distinct establishments and not a single integrated establishment and that, based on the agreements of the parties, the central employees who worked for several or all of the facilities were not exempt. Appellants reliance is misplaced. Before we reach the issue in Yellowstone Park of whether an employer's individual operations are a single integrated establishment or separate and distinct establishments, there must be a common owner and/or operator.[4]

Unlike the employers in Yellowstone Park who owned and operated all of the individual facilities in Yellowstone National Park, TCPFA does not own or operate the other businesses located on the fairgrounds; it simply leases the property to them. Therefore,

---

[4] 29 C.F.R. § 779.303 provides us with illustrative examples of common ownership or operation.

the issue is solely whether TCPFA is an amusement or recreational establishment in and of itself.  Whether the other businesses located on the fairground may or may not be amusement or recreational establishments entitled to the exemption under § 213(a)(3) is irrelevant.

After reviewing the record, we conclude that TCPFA satisfies the requirements of the amusement or recreational establishment exemption.  First, TCPFA manages the fairgrounds as a distinct physical place of business.  Second, it is undisputed that TCPFA's primary purpose is to establish, provide, maintain, and promote recreational centers, agricultural and industrial expositions, fairs, trade shows, and other recreational facilities and activities.  Therefore, TCPFA is an amusement or recreational establishment within the meaning of § 213(a)(3) and its employees are exempt from the FLSA.

**AFFIRMED.**