**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARTIN MONTOYA, KEVIN
O'TOOLE, GORDON VOEGTLIN
and CHARLES GILBERT, for and on
behalf of themselves and other
employees similarly situated,

        Plaintiffs-Appellants,

v.

RESCUE INDUSTRIES, INC., a
California corporation, doing business
as Rescue Rooter; ROGER BENSON;
JUDITH BENSON, individually, and
as officers of Rescue Industries, Inc.;
NICHOLAS DUVA, individually, and
as an officer of Rescue Industries,
Inc.,

        Defendants-Appellees.

No. 98-1269
(D.C. No. 97-N-1560)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs commenced this action, on behalf of themselves and all other service technicians defendants employed throughout the United States, alleging that defendants failed to pay overtime as required by the Fair Labor Standards Act (FLSA). [1] See 29 U.S.C. §§ 201-219. The district court granted defendants' motion to decertify the conditionally certified collective action, dismissed all opted-in plaintiffs who were not employed as service technicians in defendants' Denver service center, and then granted defendants summary judgment in part, holding the Denver service technicians were exempt from FLSA's overtime requirements, until October 1996, because they were employees of a retail or service establishment compensated by commissions, see 29 U.S.C. § 207(i). The Denver service center plaintiffs recovered overtime compensation accruing after October 1996. Appellants appealed, following entry of final judgment.

---

[1] Appellants do not reurge on appeal their claim that defendants failed to maintain records required by 29 C.F.R. § 516.2(a).

Appellants first argue that the district court erred in determining appellants were, prior to October 1996, exempt from FLSA's overtime requirements. Reviewing the district court's summary judgment decision de novo, see Hamilton v. Tulsa County Pub. Facilities Auth., 85 F.3d 494, 496 (10th Cir. 1996), we affirm the district court's decision that the Denver plaintiffs were exempt prior to October 1996 for substantially the reasons stated in that court's "Order and Memorandum of Decision" filed on June 22, 1998.

Appellants also argue that the district court erred in decertifying the conditional collective action. See generally 29 U.S.C. § 216(b) (allowing employees to assert FLSA claims against employer "for and in behalf of . . . themselves and other employees similarly situated"). We review the district court's decision for an abuse of discretion. See, e.g., Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995).

The district court decertified the class, determining that plaintiffs had failed to show that the putative collective action members were similarly situated to the named plaintiffs. Specifically, the court ruled that plaintiffs had failed to submit the sales data from all of defendants' twenty service centers located throughout the nation, and thereby failed to establish that each of these other service centers was a retail establishment for exemption purposes.

While plaintiffs did bear the burden of establishing that they were similarly situated to other service technicians defendants employed in other service centers, see, e.g., Harper v. Lovett's Buffet, Inc., No. CIV. A. 98-A-941-S, ___ F.R.D. ___, 1999 WL 39142, at *3 (M.D. Ala. Jan. 25, 1999), plaintiffs initially met that burden by alleging that defendants compensated those other technicians, who performed duties similar to the named plaintiffs, in the same manner that defendants compensated the named plaintiffs, on a commission basis without additional compensation for overtime. See Brzychnalski v. Unesco, Inc., 35 F. Supp.2d 351, 353 (S.D.N.Y. 1999) (proposed class members were similarly situated to named plaintiffs because all were asbestos workers subject to common scheme to deprive them of overtime compensation); see also Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 51-52 (3d Cir. 1989), overruling on other grounds recognized in Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1099 n.10 (3d Cir. 1995)[2].

In addition, plaintiffs submitted evidence supporting these allegations. See, e.g., Belcher v. Shoney's, Inc., 927 F.Supp. 249, 251 (M.D. Tenn. 1996) (noting some courts, in § 216(b) collective actions, require named plaintiffs initially to submit factual support for allegations that class is similarly situated to named

___

[2]     Cases under the Age Discrimination in Employment Act incorporate and apply the FLSA's § 216(b) enforcement provisions. See Thiessen v. General Elec. Capital Corp., 13 F. Supp. 2d 1131, 1134 n.2 (D. Kan. 1998).

plaintiffs). Appellants, therefore, made a sufficient initial showing that the named plaintiffs were similarly situated to the putative collective action members.

In their motion to decertify the class, following the close of discovery, defendants argued only that the named plaintiffs had failed to submit sales data from the different service centers. That evidence, however, went toward proving defendants' affirmative defense that plaintiffs were exempt from FLSA's overtime requirements. It remained defendants' burden to prove that affirmative defense. See Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 209 (1966). The district court, therefore, abused its discretion in decertifying the collective action on this basis. We, therefore, reverse the district court's decision to decertify the conditional collective action on this basis and to dismiss all opted-in plaintiffs who had not worked in the Denver service center, and we remand these claims for the district court's further consideration. We do not intend, on remand, to preclude the district court from considering other factors that, in the exercise of its discretion, that court may deem sufficient to decertify again the collective action. See Bayles v. American Med. Response of Colo., Inc., 950 F. Supp. 1053, 1067 (D. Colo. 1996) (decertifying collective action because, among other reasons, employer's defense could not be addressed on class-wide basis).

In light of our decision on the decertification issue, we do not need to address appellants' final argument, that the district court deprived the opted-in class plaintiffs of due process by dismissing their claims without notice.

The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court

James E. Barrett
Senior Circuit Judge