[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12689
Non-Argument Calendar

_____

D. C. Docket No. 05-00336-CV-TWT-1

CHESTER T. AKINS,

Plaintiff-Appellant,

versus

SONNY PERDUE,

Defendant,

MILTON E. (BUDDY) NIX, JR., individually,
DR. BETTY ANN COOK, individually,
DR. EUGENE P. WALKER, individually,
GARDFIELD HAMMONDS, JR., individually,
J. MICHAEL LIGHT, individually,
GARLAND R. HUNT, ESQ., individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 6, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Chester T. Akins, a Georgia prisoner, appeals pro se the denial of his request for contempt sanctions and the dismissal of his complaint of retaliation and equal protection violations relating to denials of parole. We affirm.

## I. BACKGROUND

When Akins committed his crimes in 1972, the rules of the Georgia State Board of Pardons and Paroles required the Board to reconsider annually a prisoner's request for parole. Akins was first denied parole in 1980, and he was reconsidered for parole annually through 1986. In 1986, the Board amended its rules to require reconsideration of denials of parole every eight years and scheduled Akins's next parole reconsideration hearing for 1994.

Akins then sued Board chairman Wayne Snow. Akins alleged that the rule change violated his federal civil rights, and on appeal this Court concluded that "the elimination of an annual parole reconsideration hearing can as a matter of law violate the ex post facto clause." Akins v. Snow, 922 F.2d 1558, 1565 (11th Cir. 1991).

In 2000, Akins filed a complaint against the Governor of Georgia and the Board members to enforce his entitlement to an annual consideration for parole.

2

In 2001, the Board consented to the following permanent injunction for Akins to be reconsidered for parole annually:

> [T]he Georgia Board of Pardons and Paroles is hereby permanently enjoined to reconsider the Plaintiff immediately for parole and to apply the reconsideration rule in effect at the time of Plaintiff's offense (at least annually) to all future parole reconsiderations until Plaintiff has served his sentence or been paroled.

On February 4, 2005, Akins filed a complaint that the Board members had violated the 2001 injunction when (1) Akins was denied parole July 14, 2003, without a hearing or interview; (2) Akins was denied parole March 24, 2004, after an interview with a Board employee but not a hearing or interview with Board members; and (3) Akins was denied parole June 2, 2005, without a hearing or interview. Akins alleged a conspiracy, retaliation for his successful litigation, and the denial of his right to due process and equal protection. Akins requested contempt sanctions, declaratory and injunctive relief, and both compensatory and punitive damages.

The district court, under 28 U.S.C. § 1915A(b)(1), concluded that Akins's allegations of retaliation, conspiracy, and denials of equal protection failed to state claims upon which relief may be granted. The district court concluded that Akins failed to allege a factual connection between his litigation and the denials of parole or facts from which a retaliatory motive could be inferred, and Akins failed

3

to allege that he is a member of a protected class who was treated differently on that account. The district court also concluded that Governor Perdue lacked authority to grant or deny parole and dismissed all the claims against him. The court concluded that Akins's interview with a Board employee in 2004 satisfied the hearing requirement, but declined to dismiss the claims relating to the 2003 and 2005 denials of parole.

The Board members answered and argued that they had not violated the 2001 injunction because that injunction did not require the Board to provide face-to-face interviews. Akins sought discovery, which the district court denied. Akins filed a motion for contempt and sanctions, which the court construed as a motion for summary judgment. The Board members filed a cross-motion for summary judgment. The district court granted summary judgment in favor of the Board.

## II. STANDARDS OF REVIEW

We review de novo a grant of summary judgment and view the evidence in the light most favorable to the nonmoving party. Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1161-62 (11th Cir. 2006). We review for abuse of discretion the denial of discovery. Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006). We review de novo the sua sponte dismissal of an in forma pauperis complaint for failure to state a claim, 28 U.S.C. § 1915A(b)(1), and view the

4

allegations in the complaint as true.  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

### III. DISCUSSION

Akins's brief, which we construe liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), makes four arguments:  (1) our decision in Akins v. Snow mandates an annual parole consideration hearing; (2) the denial of discovery was an abuse of discretion; (3) the repeal of Board Rule 475-3-.11 violated Akins's procedural due process and ex post facto rights; and (4) the conspiracy, retaliation, and equal protection claims should not have been dismissed.  We discuss each in turn.

*A. The Board Was Not in Contempt Because the 2001 Injunction*
*Does Not Require an Annual Hearing.*

Akins's argument that the requirement of annual reconsideration includes the requirement of an annual in-person hearing fails.  Akins argues that, in Akins v. Snow, we described the reconsideration rule as requiring an annual hearing and concluded that "a parole reconsideration hearing is an essential part of parole eligibility under Georgia's parole system."  922 F.2d at 1560, 1562, 1564.  The problem for Akins is that our earlier decision was not the last word on this subject. Akins's rights are governed by the 2001 injunction, which requires annual

5

reconsideration, but says nothing about an annual hearing. The reconsideration rule in effect when Akins committed his crimes, which the Board agreed to continue in the 2001 injunction, also did not mention a hearing. That rule stated, "Reconsideration of those who have been denied parole shall take place at least annually." Board R. 475-3-.05(2) (1972). Akins does not allege that the Board failed to reconsider him for parole in any year after the entry of the 2001 injunction. Because Akins raised no genuine issue of material fact relating to the Board's compliance with the 2001 injunction, the district court did not err in denying Akins's request for contempt sanctions.

*B. The Denial of Discovery by the District Court Was Not an Abuse of Discretion.*

Akins argues that the Board had a longstanding practice of using in-person interviews as part of its parole reconsideration process, and the district court abused its discretion when it denied Akins discovery to ascertain whether there was such a rule in effect at the time of his crimes. This argument fails. In its order denying discovery, the district court explained that Akins "ha[d] not shown that he is unable to obtain the documents requested by serving a Request for Production of Documents upon counsel for the Defendants or by an Open Records Act request." Because Akins does not argue that he was later unable to obtain the documents, or that he even attempted to obtain them, the district court did not

6

abuse its discretion. See Carmical v. Bell Helicopter Textron, Inc., 117 F.3d 490, 493 (11th Cir. 1997).

### C. The Repeal of Rule 475-3-.11 Did Not Violate Akins's Ex Post Facto or Due Process Rights.

Akins raises an argument not addressed by the district court: the repeal of Board Rule 475-3-.11, which was in effect from 1985 to 1991 and entitled certain prisoners to an interview with a Board member, violated his ex post facto and procedural due process rights. This argument fails. The Ex Post Facto Clause prohibits "enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249, 120 S. Ct. 1362, 1367 (2000). Even if Rule 475-3-.11 could have shortened a prisoner's sentence, its repeal would not have increased the punishment for Akins's crimes after their commission, because the rule was not in effect when Akins committed his crimes.

Akins's due process argument also fails. Akins asserts that Rule 475-3-.11 was repealed in violation of the Georgia Administrative Procedure Act, Ga. Code. § 50-13-4. We need not address whether this argument is relevant to any cognizable theory of due process, because the Board presented an uncontroverted affidavit and exhibit in the district court that established its compliance with the

APA.  Because Akins failed to present any evidence to create a genuine issue of material fact, summary judgment was proper.  See Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978); Fed. R. Civ. P. 56(e).

*D. The Conspiracy, Retaliation, and Equal Protection Claims Were Properly Dismissed for Failure to State a Claim.*

Akins's remaining arguments pertain to the dismissal of his allegations of a denial of equal protection, retaliation, and conspiracy.  As to each, the district court ruled that Akins failed to state a claim for relief.  We agree with the district court.

1. Equal Protection

Akins argues that his equal protection claim was improperly dismissed, but this argument fails.  "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest."  Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotation marks omitted).  Akins's complaint did not allege that he had been treated worse than similarly situated prisoners on account of a constitutionally protected interest.  His conclusory assertion that his failure to receive parole can only be on account of his litigation activities is insufficient to

support an equal protection claim.

## 2. Retaliation

Akins argues that his retaliation claim, which is that Rule 475-3-.11 was repealed and he was denied parole in retaliation for his successful litigation, was improperly dismissed.  This argument also fails.  To state a retaliation claim, a prisoner must establish that (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct would likely deter a person of ordinary firmness from engaging in protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech.  Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).  The district court correctly concluded that Akins failed to allege any facts from which a causal connection between his denials of parole and his successful litigation could reasonably be inferred.  Akins's complaint failed to allege a suspect chronology, and the exhibits filed by Akins described the basis for most of his parole denials as the severe nature of his offenses.  Akins also did not raise his argument about the retaliatory repeal of Rule 475-3-.11 in the district court, so we will not consider it.  See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994).  The district court did not err.

### 3. Conspiracy

Akins argues that his conspiracy claim was improperly dismissed. To establish a conspiracy claim under section 1983, Akins must first establish an underlying denial of his constitutional rights. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998). Because he has not done so, his conspiracy claim fails.

## IV. CONCLUSION

The denial of Akins's request for contempt sanctions and the dismissal of his complaint of conspiracy, retaliation, and equal protection violations are **AFFIRMED.**