15-2688-cv
*Jones v. Bryant Park Market Events, LLC*, No. 15-2688-cv

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           CHRISTOPHER F. DRONEY,
                   *Circuit Judges*,
           JEFFREY ALKER MEYER,
                   *District Judge.*[*]

---

SHORN JONES, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

              *Plaintiff-Appellant*,

                   v.                                    No. 15-2688-cv

BRYANT PARK MARKET EVENTS, LLC,

              *Defendant-Appellee*.

---

**FOR PLAINTIFF-APPELLANT:**              ABDUL K. HASSAN, Abdul Hassan Law
                                          Group, PLLC, Queens Village, NY.

---

[*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-APPELLEE:**   ANDREW J. URGENSON (Darren Oved, *on the brief*), Oved & Oved LLP, New York, NY.

Appeal from the August 14, 2015 judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, insofar as the District Court held that (1) no rational trier of fact could find that the relevant "establishment" is not Winter Village, and that (2) no rational trier of fact could find that, if Winter Village is "recreational," it is not also "seasonal"; and **VACATED** and **REMANDED** in part, insofar as the District Court held that (3) no rational trier of fact could find that Winter Village is not "recreational."

Plaintiff-appellant Shorn Jones appeals from the District Court's August 14, 2015 entry of summary judgment in favor of defendant-appellee Bryant Park Market Events, LLC ("BPME"), which followed the District Court's August 13, 2015 ruling from the bench. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The parties' dispute concerns Jones's employment at a restaurant called Celsius, which BPME operates in Manhattan's Bryant Park each year between October and March. Celsius is part of a larger installation called Winter Village, which embraces not just Celsius but also a skating rink and some 120 temporary shops. Jones claims that, because he worked more than 40 hours per week at Celsius, he was entitled to overtime pay pursuant to Section 207 of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq. See id.* § 207. BPME argues that it is eligible for the FLSA exemption codified at Section 213(a)(3), which exempts from the FLSA's overtime-pay requirement any "amusement or recreational establishment" that "does not operate for more than seven months in any calendar year." *See id.* § 213(a)(3). It was on the basis of this exemption that BPME moved for, and the District Court granted, summary judgment.

BPME's summary judgment motion presented three discrete questions: (1) whether the relevant "establishment" is Winter Village as a whole, or whether Celsius is its own "establishment"; (2) if Winter Village is the relevant establishment, whether that establishment is "recreational"; and (3) if Winter Village is a recreational establishment, whether it is also "seasonal." The District Court ruled in favor of BPME on all three questions. Because we agree with the District Court that no rational trier of fact could find that the relevant establishment is not Winter Village, or that, if Winter Village is a recreational establishment, it is not also seasonal, we affirm the District Court's judgment as to those parts of BPME's affirmative defense. But because we also conclude that a

2

rational trier of fact could find that Winter Village is not recreational, we vacate and remand the District Court's judgment as to that part of BPME's affirmative defense.[1]

## A. Waiver

Before addressing these questions, however, we consider Jones's argument that BPME waived the affirmative defense in question. Jones's theory is not that BPME failed to assert this affirmative defense in its answer; it is that BPME asserted it in conclusory fashion. In so arguing, Jones asks us to hold that the *Iqbal-Twombly* "plausibility" pleading standard applies not only to claims, but to affirmative defenses as well. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–58 (2007). But we need not reach this question, because even if we were to apply the *Iqbal-Twombly* standard to affirmative defenses, it would not help Jones. We have held that, when a defendant omits an affirmative defense from his answer, a district court may nevertheless decline to deem the defense waived if the plaintiff had notice and an opportunity to respond. *See Curry v. City of Syracuse*, 316 F.3d 324, 330–31 (2d Cir. 2003). There is no reason that this rule should not also apply when a defendant includes an affirmative defense in his answer, but states it in conclusory terms. Here, the District Court determined that Jones had notice and an opportunity to respond, and we can find no basis in the record on which to upset that determination on appeal.

## B. The Relevant "Establishment"

We turn now to the merits, and begin with the first question presented: whether a rational trier of fact could find that the relevant "establishment" is not Winter Village. An "establishment" is "a distinct, physical place of business[,] as opposed to an integrated multiunit business or enterprise." *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 79 (2d Cir. 2015). The U.S. Department of Labor (the "DOL") has promulgated "particularly instructive" regulations on this subject, *id.* at 79 n.6 (internal quotation marks omitted), the most germane of which reads as follows:

> [One] portion of an establishment would be considered a separate establishment
> from the [other] portion for the purpose of the exemption if (a) it is physically

---

[1] The summary judgment standard is well established:

> Summary judgment is appropriate when, having resolved all ambiguities and permissible factual inferences in favor of the party against whom summary judgment is sought, there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. The grant of summary judgment . . . is . . . subject to *de novo* review.

*Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (citations and internal quotation marks omitted).

separate from the other activities; and (b) it is functionally operated as a separate unit having separate records, and separate bookkeeping; and (c) there is no interchange of employees between units.

29 C.F.R. § 779.305.[2]

On this record, no rational trier of fact could find that Celsius "functionally operated as a separate unit having separate records, and separate bookkeeping," from Winter Village. The entire enterprise was operated by a single entity, BPME, and yearly revenues from Winter Village flowed into a common treasury. BPME paid all its employees—whether they worked at Celsius, the rink, or the shops—using a single payroll database. The contract permitting BPME to maintain Winter Village in Bryant Park defines Winter Village as a single "[i]nstallation." And the restaurant, the rink, and the shops were marketed jointly to the public. Accordingly, we affirm the District Court's judgment as to the part of BPME's affirmative defense respecting whether the relevant "establishment" is Winter Village.

## C. Whether the Establishment is "Recreational"

We cannot agree with the District Court, however, that no rational trier of fact could find that Winter Village is not "recreational." In determining whether an establishment is "recreational," courts look to its "primary purpose." *See, e.g., Chessin v. Keystone Resort Mgmt., Inc.*, 184 F.3d 1188, 1194 (10th Cir. 1999); *Hamilton v. Tulsa Cty. Pub. Facilities Auth.*, 85 F.3d 494, 498 (10th Cir. 1996). The parties disagree about how we should determine Winter Village's primary purpose. Jones urges that we look to whether the establishment's "recreational" or "non-recreational" portions generate more income, as the Fifth Circuit did in *Brennan v. Texas City Dike & Marina, Inc.*, 492 F.2d 1115, 1119 (5th Cir. 1974). By contrast, BPME asks us to look to the totality of the circumstances, as the Tenth Circuit did in *Chessin v. Keystone Resort Management, Inc.*, 184 F.3d 1188, 1194 (10th Cir. 1999). BPME has the better of this argument. A totality-of-the-circumstances inquiry more closely comports with the approach we took in *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 82 (2d Cir. 2015), and also with pertinent DOL regulations. *See* 29 C.F.R. § 779.385.

The question, then, is whether, in all the circumstances presented here, a rational trier of fact could determine that Winter Village is not recreational. We answer this question in the affirmative.

---

[2] We note that Section 779.305 may not be entitled to *Chevron* deference. *See Chen*, 798 F.3d at 79 n.6. We also note that Section 779.305 is addressed to certain retail and service exemptions, not the exemption at issue here. Nevertheless, because it fairly captures the apposite considerations, we follow the lead of our sister circuits in referring to it in answering the question at hand. *See, e.g., Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1157–58 (11th Cir. 2008); *Chao v. Double JJ Resort Ranch*, 375 F.3d 393, 398–99 (6th Cir. 2004); *Marshall v. N.H. Jockey Club, Inc.*, 562 F.2d 1323, 1330–32 (1st Cir. 1977); *cf. Chen*, 798 F.3d at 78.

To be sure, the District Court identified in its ruling some factors tending to indicate that Winter Village is recreational. But conspicuously absent from its discussion were the shops. They are part of the establishment—and, inasmuch as there are 120 of them, apparently no small part. It is thus reasonable to assume that they generate substantial revenue. But BPME has failed to demonstrate that the revenue it derives from the rink is not dwarfed by the revenue it derives from the shops.

Furthermore, the rink's revenue relative to that of Celsius—a ratio on which the District Court placed great emphasis—is not as straightforward an indicator as it might initially appear to be. The parties seem to agree that the rink brought in more revenue than the restaurant. But the record indicates that BPME made profits on the rink by renting ice time to private entities. This may undercut the significance of the rink's revenue. One reason why relative revenues matter is that, if recreational activities generate more revenue than non-recreational activities, it suggests that the public is drawn to the establishment for the purpose of recreation. But if BPME's revenues are skewed by the presence of corporate events attended by relatively few people, its revenues may tell us less about whether most people who visited Winter Village did so because they wanted to ice-skate or because they wanted to dine and shop. Accordingly, we vacate and remand the District Court's judgment as to the part of BPME's affirmative defense respecting whether Winter Village is a "recreational" establishment.

### D. Whether the Establishment is "Seasonal"

We turn next to the District Court's judgment as to the part of BPME's affirmative defense respecting whether, if Winter Village is a recreational establishment, it is also "seasonal," and affirm. A recreational establishment is "seasonal" if it operates for less than seven months a year. *See* 29 U.S.C. § 213(a)(3)(A). BPME's contract with the city permits it to use Bryant Park only from October 2 to March 15, some five-and-a-half months. We are unpersuaded by Jones's attempts to circumvent the consequences of this simple fact. He argues that the record fails to establish that BPME does not conduct business activity during the balance of the year. But Section 213(a)(3) creates an exemption for "employees employed by an *establishment* which is an amusement or recreational *establishment*, . . . if . . . *it* does not operate for more than seven months in any calendar year." *Id.* § 213(a)(3) (emphases supplied). The italicized "it" necessarily refers to the establishment (Winter Village), not the entity that operates it (BPME). Jones's argument thus fails.

### E. Discovery

Lastly, we address Jones's argument that summary judgment was premature because he needed to take further discovery. A party may respond to a motion for summary judgment with an affidavit stating that further discovery is necessary, *see* Fed. R. Civ. P. 56(d), but failure to file such an affidavit is by itself "sufficient grounds to reject a claim that the opportunity for discovery was inadequate," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (discussing an earlier,

materially identical version of Rule 56(d)). Jones never filed a Rule 56(d) affidavit. We therefore reject this argument.

## CONCLUSION

We have considered all of the parties' other arguments on appeal and found them to be without merit. Accordingly, the August 14, 2015 judgment of the District Court is **AFFIRMED** in part, insofar as the District Court held that (1) no rational trier of fact could find that the relevant "establishment" is not Winter Village, and that (2) no rational trier of fact could find that, if Winter Village is "recreational," it is not also "seasonal"; and **VACATED** and **REMANDED** in part, insofar as the District Court held that (3) no rational trier of fact could find that Winter Village is not "recreational."

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk