**Ford B. FORD, Under Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**James SHARP, Jr., d/b/a Parkside Washateria, Defendant-Appellant.**

No. 84–4408

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 26, 1985.

James Sharp, Jr., Carl Van Sharp, Monroe, La., for defendant-appellant.

Linda Jan S. Pack, U.S. Dept. of Labor, Anne Fugett, Washington, D.C., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employer who has two employees is subject to the Fair Labor Standards Act (FLSA)[1] even if they work at separate hours so that only one employee is on duty at a time. We, therefore, affirm the judgment against an employer for failing to pay wages in accordance with the requirements of the Act, finding the other attacks on the procedure and the judgment to be without merit. We remand, however, for a determination of the amounts due two employees whose names were listed in the pretrial order but not in the complaint.

Briefly summarized, the evidence at trial showed that James Sharp operated a coin-operated, self-service laundry under the trade name Parkside Washateria. Sharp's

---

1. 29 U.S.C. §§ 201–06.

employees sold detergent, cleaned up, and provided security. From May, 1978 through May, 1980, Sharp at all times had at least two employees. These employees were paid less than the minimum hourly wage and they regularly worked more than forty hours per week without receiving overtime compensation. When he learned of the Secretary's investigation of his business in May 1980, Sharp removed his business from the purview of the Act by reducing his staff to one employee.

During the trial, the district court refused to admit evidence of the hours and wages of three of Sharp's employees, Barbara Banks, Willie Mae Reese and Evoria Gardner. The court reasoned that Sharp had not received sufficient notice of the Secretary's claims with respect to these three employees. The court noted that none of these employees' names were included in any of the Secretary's pleadings, and stated that they "should have been formally made part of the demand by amendment of the complaint." Although Banks and Reese were listed in the pretrial order as witnesses who would testify as to their duties, salaries and working conditions, Gardner was not named as either a witness or affected employee in the pretrial order, and none of Sharp's employees were named in the complaint.

## I.

The suit was dismissed by the district court for failure to prosecute, then, on motion of the Secretary, reinstated. Sharp contends that the court violated its own Local Rule 14 by dismissing the case with the proviso that the parties could reopen the case for good cause. Sharp states that although the 1983 version of Local Rule 14, in force when the Secretary moved to reopen the case, explicitly allowed such a proviso, the 1982 version, in force when the

court dismissed the case, did not. Sharp also contends that the Secretary did not show good cause to reopen the case.

Even assuming that a local rule might have prevented the district court from reopening the case, Sharp's first contention is frivolous. Both the 1982 and 1983 versions of Local Rule 14 expressly provided for reinstatement for good cause.

■■■ Sharp's second contention also is meritless. Whether or not to dismiss an action under Fed.R.Civ.P. 41(b) for failure to prosecute is an inherent power of the court, to be exercised in the district court's discretion.[2] The court's decision to reopen the case was based on adequate reasons. The Secretary stated in his motion that he had completed his discovery in February, 1982 and was advised by court personnel that trial would take place in August, 1982. Trial was not set because of Sharp's failure to file an answer.

The district court would have acted improperly had it dismissed the action with prejudice, as Sharp in essence urges it should have. In this Circuit, a Rule 41(b) dismissal with prejudice is proper only when there is " 'a clear record of delay or contumacious conduct by the plaintiff,' ..., and ... lesser sanctions would not serve the best interests of justice." [3] This court examines " 'aggravating factors,' such as (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." [4] Sharp has made no showing of prejudice or intentional delay. Furthermore, although the employees are not plaintiffs, the Secretary brought this suit primarily for their benefit and they were in no way responsible for the delay.

---

2. *Rogers v. Kroger Co.,* 669 F.2d 317, 319–20 (5th Cir.1982).

3. *Id.* 669 F.2d at 320, *quoting Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir.1972); *see Morris v. Ocean Systems, Inc.,* 730 F.2d 248, 250–51 (5th Cir.1984); *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir.

1981); *Boazman v. Economics Lab., Inc.,* 537 F.2d 210, 212 (5th Cir.1976).

4. *Morris v. Ocean Systems, Inc., supra,* 730 F.2d at 252, *citing Rogers v. Kroger Co., supra,* 669 F.2d at 320.

## II.

■ Sharp argues that the Act does not cover his business because he had only one employee on duty at a time. He also appears to argue that his washateria did not do enough business to come under the Act's coverage.

The arguments are frivolous. The minimum wage and overtime provisions of the Act apply to any

> enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and which ... (3) is engaged in laundering, cleaning, or repairing clothing or fabrics.[5]

Sharp stipulated at trial that the goods his employees handled moved in interstate commerce. He does not deny that, during all relevant times, he had at least two full-time employees. The Act simply requires more than one employee.[6] Sharp cites no authority for the proposition that the Act applies only if two or more employees worked at the same time, and the regulations make clear that no such requirement exists. It is enough that two employees worked "regularly." [7] Sharp also cites no authority for the proposition that Congress did not intend the Act to apply to a business as small as his washateria. The D.C. Circuit has concluded that Congress intended to extend coverage to coin-operated laundries, noting that the House rejected

an amendment that would have excluded them.[8] The district court, therefore, correctly concluded that the Act applied to Sharp.

## III.

Sharp next argues that the wage and hour provisions are unconstitutional on their face and as applied to him. He contends that they constitute a taking of property without compensation. He also contends that the distinction between businesses with two employees and those with one violates due process.

■ Sharp's arguments, for which he again cites no authority, are meritless. The mere fact that a statutory economic regulation reduces the value of property or the risks of doing business does not render it a taking of property.[9] Sharp has not been required to sell or surrender his property.[10] Furthermore, the Supreme Court has upheld the constitutionality of the wage and hour provisions under the Due Process Clause.[11] The Court also has held that Congress may exempt certain businesses from FLSA coverage on the basis of size without violating the Fifth Amendment.[12] "Congress may weigh relative needs and restrict the application of a legislative policy to less than the entire field." [13] Sharp has made no showing that Congress lacked a "rational basis" for its choice of a regulatory scheme.[14]

## IV.

■ The district court did not err when it excluded evidence of the Secre-

---

5. 29 U.S.C. § 203(s).

6. 29 C.F.R. 779.238 (1984).

7. *Id.*

8. *National Automatic Laundry & Cleaning Council v. Shultz,* 443 F.2d 689, 704–07 (D.C.Cir. 1971). *Accord Marshall v. Cook,* 600 F.2d 50, 52 (6th Cir.1979).

9. *Southern La. Area Rate Cases v. Federal Power Comm'n,* 428 F.2d 407, 428 (5th Cir.), *cert. denied sub nom Municipal Distributor Group v. Federal Power Comm'n.,* 400 U.S. 950, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970).

10. *Id.*

11. *Opp Cotton Mills v. Administrator of the Wage and Hour Div. of the Dept. of Labor,* 312 U.S. 126, 142, 61 S.Ct. 524, 531, 85 L.Ed. 624 (1941); *United States v. Darby,* 312 U.S. 100, 125, 61 S.Ct. 451, 462–63 85 L.Ed. 609 (1941).

12. *Oklahoma Press Publ. Co. v. Walling,* 327 U.S. 186, 193–94, 66 S.Ct. 494, 497–98, 90 L.Ed. 614 (1946); *Mabee v. White Plains Publ. Co.,* 327 U.S. 178, 184, 66 S.Ct. 511, 514, 90 L.Ed. 607 (1946).

13. *Mabee v. White Plains Publ. Co., supra,* 327 U.S. at 184, 66 S.Ct. at 514, 90 L.Ed. 607 (1946).

14. *See Katzenbach v. McClung,* 379 U.S. 294, 303–04, 85 S.Ct. 377, 383, 13 L.Ed.2d 290 (1964).

tary's employment practices. Rule 403, Fed.R.Evid., provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Decisions whether to exclude evidence under Rule 403 lie within the district court's sound discretion and will be reversed only for clear abuse of discretion.[15] Evidence of the lack of black employees in the Secretary's area offices would have had at the most an indirect and speculative bearing on Sharp's claim of discriminatory prosecution and would have led the course of the trial far astray of the primary issues by obliging the Secretary to present evidence explaining his hiring practices.

### V.

Sharp finally argues that the statute of limitations bars this action. He contends that the district court erred in finding his violation to be willful, and thus applying a three-year rather than a two-year limitations period. Sharp also appears to argue that the time period should be calculated backward from the time the district court reopened the case rather than from the time the Secretary originally filed the complaint. Only if both arguments succeed will this action be entirely barred. Application of the two-year period would eliminate only the recovery of back wages from the period before April, 1979. Calculation based on the date the case was reopened would eliminate all of the recovery except that for April and May of 1980.

Suits under the Act are subject to a two-year statute of limitations unless the violation is willful, in which case the period is three years.[16] It is not necessary that an employer have actual knowledge that the Act is applicable to his business for a willful violation to occur; he need know only that the Act is "in the picture."[17] Stated otherwise, "An employer acts willfully and subjects himself to the three year liability provision if he knows, or has reason to know, that his conduct is *governed by* the [Act]."[18]

The district court had sufficient evidence upon which to base its finding of willfulness. Sharp has been an attorney since 1952 and took a course on labor law in law school. He also testified that he was aware of the existence of a federal minimum wage law but had never investigated its possible application to his business. Sharp relies upon the fact that he brought his business into "compliance" with the Act by discharging all but one employee. This court has stated, however, in regard to the Equal Pay Act, "that '[to] allow exceptions [to willfulness] ... in situations where an employer, once charged with violating the Act, corrects the unlawful practice, would sap much of the E.P. A.'s vitality.'"[19] This reasoning applies equally to Sharp, because the same limitations provisions governs both the Equal Pay Act and the FLSA. Thus, the district court properly found Sharp's violation to be willful.

If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been

**15.** *Jon-T Chemicals, Inc. v. Freeport Chemical Co.,* 704 F.2d 1412, 1417 (5th Cir.1983); *Excel Handbag Co. v. Edison Bros. Stores, Inc.,* 630 F.2d 379, 388 (5th Cir.1980).

**16.** 29 U.S.C. § 255(a).

**17.** *Donovan v. Grantham,* 690 F.2d 453, 458 (5th Cir.1982); *Marshall v. A & M Cons. Ind. Sch. Dist.,* 605 F.2d 186, 190–91 (5th Cir.1979); *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir.1971), *cert. denied,* 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972).

**18.** *Marshall v. A & M Consolidated Indep. School Dist.,* 605 F.2d 186, 190, *quoting Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974) (emphasis in original).

**19.** *Marshall v. A & M Consolidated Indep. School Dist., supra,* 605 F.2d at 191 *quoting Brennan v. J.M. Fields, Inc.,* 488 F.2d 443, 448 (5th Cir. 1973), *cert. denied,* 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974).

**1024**

filed.[20] For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit.[21] Furthermore, a court may not reinstate a suit after a voluntary dismissal if the statute of limitations has run in the interim.[22]

In the instant case, however, calculating the time period from any time other than from the time of the original complaint would lead to an anomalous situation. Because the statute of limitations would, under Sharp's reading, bar most of the Secretary's claim, this court would have to construe the dismissal as a dismissal with prejudice.[23] As explained above, a dismissal with prejudice would have constituted an abuse of discretion and the Secretary thus could have secured a reversal had he appealed. He should not now be punished for having chosen the more efficient vehicle of a motion under Fed.R.Civ.P. 60(b).[24] The dismissal was involuntary and without notice, and the Secretary moved to reopen the suit within the time allowed by the district court and within the time for appeal. This is not a new action that can be treated as if the original action had never filed; the district court merely reopened the original case. The time period thus should be calculated backward from the time the original complaint was filed.

## VI.

In a cross-appeal, the Secretary contends that the district court erred in excluding evidence of the wages and hours of Banks, Reese and Gardner. The Secretary points out that the pretrial order listed Banks and Reese as witnesses who would testify about their wages and hours. In addition, the order stated that one issue of ·fact for trial was whether Sharp employed Banks and Reese during certain specified periods. The Secretary also notes that Sharp produced the payroll records of Banks and Reese pursuant to a subpoena and a discovery request, and that Sharp received a back wage summary listing Banks and Reese at the close of the Secretary's investigation. Finally, the Secretary contends that Sharp should have known of Gardner's claim because he had her payroll records and sent them to the Secretary.

The Secretary's claim is correct with respect to Banks and Reese. The district court apparently excluded evidence of their wages and hours on the ground that the Secretary did not include their names in the complaint or any other pleading. The Act, § 217, contains no requirement that an employee who is the object of wage and hour violations be named in the complaint. Furthermore, this court has refused to impose such a requirement, reasoning that defendants may use the discovery process to learn which employees are the objects of claimed violations.[25] By contrast, in a suit under 29 U.S.C. § 216(c), the Secretary must name the employees involved in the complaint in order to toll the statute of limitations.[26] Even under § 216(c), however, it is sufficient for the Secretary to name the employees involved in the pretrial order.[27] This

**20.** *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 603 (5th Cir.1976); *Alvarado v. Maritime Overseas Corp.,* 528 F.2d 605 (5th Cir.1976).

**21.** 5 Moore, Lucas & Wicker, Moore's Federal Practice ¶ 41.05[2], at 41–66–67; ¶ 41.11[2], at 41–144, 145 (2d ed. 1984).

**22.** *Curtis v. United Transportation Union,* 648 F.2d 492, 493–95 (8th Cir.1981); *see DeLong's Inc. v. Stupp Bros. Bridge & Iron Co.,* 40 F.R.D. 127, 130–31 (E.D.Mo.1965).

**23.** *McGowan v. Faulkner Concrete Pipe Co., supra,* 659 F.2d at 557.

**24.** *See* 5 Moore's Fed.Prac. ¶ 41.11[2], at 41–143, –144.

**25.** *Hodgson v. Brookhaven Gen. Hosp.,* 436 F.2d 719, 722 (5th Cir.1970); *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132–33 (5th Cir. 1959); ·*see E.E.O.C. v. Westinghouse Elec. Corp.,* 725 F.2d 211, 221 (3d Cir.1983) (following *Hodgson), cert. denied,* — U.S. ——, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984); *see also Donovan v. University of Texas at El Paso,* 643 F.2d 1201, 1204 (5th Cir.1981).

**26.** *See Donovan v. University of Texas at El Paso, supra,* 643 F.2d at 1204.

**27.** *Donovan v. Crisostomo,* 689 F.2d 869, 875 (9th Cir.1982) (suit under statute similar to § 216(c)); *see E.E.O.C. v. Hernando Bank, Inc.,* 724 F.2d 1188, 1193 (5th Cir.1984) (adopting

case is, therefore, remanded for the district court to determine whether Sharp violated the wage and hour provisions with respect to Banks or Reese and, if so, what relief is appropriate.

Gardner is a different case because she was not listed in the pretrial order. Fed.R. Civ.P. 16 affords the district court "wide latitude in guiding a case through its preparatory stages."[28] "A pretrial order is not a tentative agreement; it 'controls the subsequent course of the action, unless modified at trial to prevent manifest injustice.'"[29] For that reason, this court "ascribe[s] to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order."[30] To obtain reversal, the Secretary must show that the district court committed a clear abuse of discretion.[31]

The Secretary has shown no such abuse with respect to Gardner. The mere fact that Sharp had her records would not put him on notice that her employment would be the object of claimed violations, especially when the pretrial order and the back wage summary listed five other employees but not her. The Secretary made no claim with respect to Gardner until the trial. The Secretary contends that he did not learn of this claim until he received Sharp's records, but he received those records over two years prior to the entry of the pretrial order. This is not a case like *Davis*, in which this court found no abuse in the district court's allowance of the testimony of a witness not listed in the order. In *Davis*, the opposing party had an opportunity to depose the witness and learned the substance of his testimony eight days before trial.[32] Sharp had no similar opportunity to prepare for Gardner's testimony,

and the district court thus did not abuse its discretion.

For these reasons, the judgment is AFFIRMED as to all matters except the amounts due Banks and Reese. It is REMANDED for a determination of those amounts.

*Crisostomo* court's reasoning for cases under § 216(c)).

**28.** *Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir.1971).

**29.** *Allen v. United States Steel Corp.,* 665 F.2d 689, 696 (5th Cir.1982) (quoting old Rule 16, now Rule 16(e)).

**30.** *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir.1979).

**31.** *Bennett v. City of Slidell,* 697 F.2d 657, 662 (5th Cir.1983), *rev'd in part on other grounds,* 728 F.2d 762 (1984) (en banc); *Hodges v. United States, supra,* 597 F.2d at 1018; *Davis v. Duplantis, supra,* 448 F.2d at 921.

**32.** 448 F.2d at 921.