**Janie TWARDOWSKY, et al.**

v.

**Johnny KLEVENHAGEN, et al.**

Civ. A. No. H–86–3842.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 18, 1995.

James C. Plummer, Plummer & Associates, Houston, TX, for Janie Twardowsky, Angie Sue Austin.

Bobby Nick Turner, Harris Cty., Asst. Cty. Atty., Houston, TX, Jay S. Siskind, Assistant County Attorney, Houston, TX, for Johnny Klevenhagen, Harris County, Texas.

Jay S. Siskind, Assistant County Attorney, Houston, TX, for Harris County Sheriff.

### ORDER GRANTING MOTION TO DISMISS

KENT, District Judge.

Presently before the Court is the Defendants' Motion to Dismiss. For the reasons set forth below, the Motion is hereby **GRANTED,** and the Plaintiff's action is hereby **DISMISSED WITH PREJUDICE.**[1]

This case was originally filed in 1986 by numerous plaintiffs, and was later certified as a class action. In 1987, the Complaint was amended, and Angie Austin was added as a Plaintiff. In 1991, the claims of all Plaintiffs except Austin were dismissed, and, in light of a parallel state court proceeding filed by Austin, this Court administratively closed the case pending resolution of her state court action. The Court granted Austin permission to reopen the case within sixty days after the resolution of the state court proceeding. On April 10, 1995, apparently the day her trial was to commence, Austin voluntarily dismissed her state lawsuit. On June 9, 1995, Austin moved to reopen this action.

A status conference for this case was held on August 3, 1995. Because the most recent Complaint, the Fourth Amended Complaint, had been filed in 1991 and dealt primarily with the claims of the former Plaintiffs, the Court ordered to Austin to file an amended complaint stating only her causes of action against the Defendants. The Court ordered Austin to file the amended complaint within thirty days after the status conference.

The Court's clear and unambiguous order notwithstanding, Austin did not file her Fifth Amended Complaint until October 10, 1995, more than sixty days after the status conference, and more than thirty days after the deadline established at that conference. Austin did not request an extension of the filing deadline, nor did she seek permission

---

1. Because the Court grants the Defendants' Motion to Dismiss, the Court does not reach the additional arguments raised by the Defendants in their Supplemental Motion to Dismiss.

to file her Amended Complaint outside the deadline set by the Court.

On September 27, 1995, before Austin filed her Amended Complaint, the Defendants filed this Motion to Dismiss. The Defendants sought dismissal of the action because Austin had yet to file an Amended Complaint as ordered by the Court, in spite of the fact that the Defendants' counsel called Austin's counsel to inquire about the Amended Complaint, and even agreed to an extension of the deadline until September 22, 1995.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action if the plaintiff fails to prosecute the action or fails to comply with orders of the Court. However, dismissal with prejudice is a harsh sanction, and is appropriate only if there is a clear record of delay or contumacious conduct by the Plaintiff, and if lesser sanctions would not serve the best interests of justice. *See, e.g., Colle v. Brazos County,* 981 F.2d 237 (5th Cir.1993); *Ford v. Sharp,* 758 F.2d 1018 (5th Cir.1985). The Court concludes these requirements are more than satisfied in this case, and that dismissal with prejudice is warranted.

As the procedural history demonstrates, Austin's approach and attitude towards this litigation from the outset has been dilatory and indifferent at best. Austin's claim has been pending for almost *nine* years while she seesaws back and forth between state and federal court, unable to decide which forum would be more favorable. Although she was included as a Plaintiff in this action in 1987, she apparently filed her state court action with largely identical pleadings [2] in 1988, and allowed that action to languish for three years on the brink of dismissal before reinstating it. Then, after her case had been pending in this Court for four years, Austin and her attorneys concluded it would be in her best interest to dismiss the federal claims so that she might pursue her state claims. *See* Agreed Motion to Stay Deadlines (filed April 9, 1991) at p. 2. Four years later, on the day her trial was to begin in state court, Austin changed her mind yet again, and dismissed her state claims, apparently concluding it was now in her best interest to pursue her claims in this Court. Given the history of Austin's claims, her failure to timely file her amended complaint is indefensible, but not surprising.[3]

Austin's handling of this case in general, and her failure to comply with this Court's order and timely amend her Complaint in particular, has severely prejudiced the Defendants' ability to properly defend against her claims. The Complaint Austin was ordered to amend was four years old, thirty pages long, and primarily dealt with claims of plaintiffs who had long since been dismissed. Amending the Complaint to focus only on Austin's claims against the Defendants was crucial to the Defendants' ability to present a sound defense. Moreover, given the January 1996 trial date assigned to this case, any delay in amending the Complaint was material to the Defendants' ability to properly prepare their defense. Nonetheless, Austin simply ignored the deadline set by this Court, as

---

2. In addition to the same claims asserted in this action, Austin's state court action also included certain workers' compensation claims. *See* Agreed Motion to Stay Deadlines (filed April 9, 1991) at p. 2.

3. In response to the Defendants' Motion to Dismiss, Austin attempts to explain away her complete failure to comply with the Court's order by claiming that the delay was not the result of procrastination or neglect. According to the Plaintiff, "[i]n order to fully understand the issues in this matter and get prior discovery, counsel requested the files in this case from plaintiff's prior counsel." Counsel for Austin asserts he made a formal written request for the files on August 14, 1995, and received the files on September 21, 1995. While Austin was initially represented in this Court by another attorney, Mr.

Plummer, her current attorney, represented her at least as early as June 1995, when he requested the case be reopened. Mr. Plummer therefore had ample time to request and receive any materials in possession of Austin's former attorney. More importantly, however, Mr. Plummer represented Austin in the state court proceeding, which included claims identical to those asserted in this action. *See* Agreed Motion to Stay Deadlines (filed April 9, 1991) at p. 2. Given that the state court action was maintained until the very day of trial, the Court simply does not accept Mr. Plummer's assertion that he lacked the information necessary to amend the Complaint. However, even if Mr. Plummer did need information held by Austin's former attorney, he offers absolutely no explanation as to his failure to request that the Court extend its deadline.

well as the extension graciously granted to her by the Defendants, and filed her Amended Complaint more than a month late. While a thirty day delay might not be material in a newly filed case with a distant trial date, the delay in this almost ten-year old case is of great significance, given the already faded memories of the witnesses and the looming trial date.

Therefore, after considering the totality of the circumstances of this case, and the Plaintiff's haphazard handling of and obvious lack of interest in the prosecution of her claims,[4] the Court concludes the interests of justice cannot be served by any sanction short of dismissal of Austin's claims with prejudice. This case has haunted the Defendants for nearly ten years, and they are entitled to a final resolution. Accordingly, the Defendants' Motion to Dismiss is hereby **GRANTED,** and the Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued by the Court this day, the Defendants' Motion to Dismiss is hereby **GRANTED,** and the Plaintiffs' suit against the Defendants is hereby **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs incurred herein to date.

THIS IS A FINAL JUDGMENT.

**IT IS SO ORDERED.**

---

4. As further support for its conclusion that the Plaintiff is not interested in the prosecution of this case, the Court notes Austin did not respond to the Defendants' Supplemental Motion to Dismiss, which made new substantive arguments in favor of dismissal of this action.