United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2006**

Charles R. Fulbruge III
Clerk

**REVISED SEPTEMBER 15, 2006**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-41748

———————

RAYMOND STANLEY,

Plaintiff - Appellant,

versus

TERRY FOSTER; MICHAEL GEERDES; FRANCINE MCCLAIN
ROBERSON; JACKIE EDWARDS,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Raymond Stanley ("Stanley") appeals *pro se* the district court's dismissal of his 42 U.S.C.

§ 1983 suit, arising from claims of medical injuries sustained while incarcerated.     Stanley brought

his civil rights suit against certain prison officials and employees: Senior Warden Terry Foster

("Foster"), Captain Michael Geerdes ("Geerdes"), Sergeant Francine McClain-Roberson ("McClain-

Roberson"), and Senior Warden Jackie Edwards ("Edwards"), alleging deliberate indifference to his

medical needs. His complaint was filed in district court on May 27, 2003, and on May 29, the court ordered him to pay an initial filing fee of $13.50 within thirty days. Stanley did not comply with that order, so the magistrate judge recommended that the action be dismissed without prejudice. *See* FED. R. CIV. P. 41(b). Stanley did not object to the Report and Recommendation and on July 23, the district court dismissed without prejudice.

Eleven months later, Stanley filed a motion under Federal Rule of Civil Procedure 60(b) to reinstate the appeal.[1] FED. R. CIV. P. 60(b)(1). He requested relief from the prior dismissal and that he be given thirty days within which to submit his partial filing fee. He did not explain his delay in moving for relief, but explained that he had authorized payment of the filing fee from his account and "plac[ed] the same in the hands of the law library personnel, on June 2, 2003" but that an investigation by the law library supervisor initiated on June 2, 2004 revealed that "through no fault of [Stanley's], the documents were lost and the trust fund never received authorization to make the necessary withdrawals." The district court denied the motion, but wrote, "[if] Stanley will complete the authorization process, the appropriate prison officials will notify the court and his complaint will be reinstated; however, until he does so this Court will not grant him relief from the Final Judgment."

---

[1] The rule provides, in part:

On motion and upon such terms are are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b).

One week later, the court received notice that Stanley had completed the authorization process and the magistrate judge entered an order reinstating the case under the same cause number and also granted Stanley leave to proceed *in forma pauperis*. Following reinstatement, but prior to service on the defendants, the magistrate judge *sua sponte* recommended that the claims against Foster, Geerdes, and Edwards be dismissed as time-barred, and that the claims against McClain-Roberson also be dismissed as frivolous.[2] Stanley filed objections, and after *de novo* review, the district court accepted the magistrate judge's report and dismissed with prejudice all of the claims. Stanley now appeals.

Stanley argues simply that the district court erred in dismissing his suit as time-barred because the statute of limitations should be calculated from the date he initially filed the suit, rather than the date it was reinstated. We review such a dismissal for abuse of discretion. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

In a § 1983 suit, district courts apply the forum state's statute of limitations. *Moore*, 30 F.3d at 620. In Texas, the limitations period for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a) (Vernon 2002). A district court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Stanley acknowledges that his claims against Foster, Geerdes, and Edwards accrued in April 2002, at the latest, and he does not argue that the two-year statute of limitations does not apply. Rather, he argues that because the district court reinstated the appeal under the same cause

_____

[2] A district court "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal) ) (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

number, that the applicable date for limitations purposes is the *initial* date Stanley filed his suit, rather than the date the suit was reinstated.

This suit presents us with the conflict of two seemingly-incompatible general rules. First, we have stated:

> A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed. We have recognized that such a dismissal will result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint.

*Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) (citations omitted); *see also* 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.50[7][b] (3d ed. 2005) (citations omitted). However, it is also generally accepted that "[w]here a judgment of nonsuit or dismissal has been entered and thereafter set aside . . . the cause stands precisely as though the judgment had never been entered." 24 Am. Jur. 2d Dismissal § 100 (noting also that when a cause is reinstated, it "takes its place on the docket the same as if it had not been dismissed"); *see also* 27 CORPUS JURIS SECUNDUM § 41 (2005).

Today we consider only the narrow question of what effect a Rule 60(b) reinstatement has upon the running of the statute of limitations, as the question of whether the district court erred in reopening the case is not before us.[3] In *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985), the court held

---

[3] Ordinarily the grant of a Rule 60(b) motion to reopen is not an appealable final order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). However, such an order is appealable if "the district court acts without the power to do so." *Id.* Rule 60(b) does not *require* the district court to grant relief from a final judgment, but merely permits it under certain circumstances, and "upon such terms as are just." The choice to reinstate a suit "lies within the sound discretion of the court," *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004). Discussing the role of a 60(b) motion, we have explained that "its main application is to those cases in which the true merits of a case might never be considered because of technical error. . . ." *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977).

that when a case is reinstated the applicable date for calculating the statute of limitations is the date of the *initial* filing. *Ford*, 758 F.2d at 1024. We reasoned that "[t]his is not a new action that can never be treated as if the original action had never [been] filed; the district court merely reopened the original case. The time period thus should be calculated backward from the time the original complaint was filed." *Id.*[4]

While we can find no other case that addresses this issue directly, this holding comports with dicta in cases from this and other circuits. *See, e.g.*, *First Wisconsin Nat'l Bank of Milwaukee v. Grandlich Dev. Corp.*, 565 F.2d 879, 880 (5th Cir. 1978) (explaining that reinstatement, rather than refiling, of a dismissed counterclaim would have avoided the running of the statute of limitations); *First Nat'l Bank of Louisville v. Continental Illinois Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 469 (7th Cir. 1991) (speculating that plaintiff wished to reopen a case to add another defendant, rather than bring a new suit, to avoid the operation of the statute of limitations). Therefore the district court abused its discretion in dismissing Stanley's claims as time-barred.

Stanley also appeals the district court's dismissal as frivolous of his claims against McClain-Roberson. He argues that she confiscated his medical pass without authorization. We review a dismissal as frivolous for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Stanley argues only that the confiscation was unauthorized. This does not rise to the level of a constitutional violation, however, as "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Myers v.*

---

[4] In *Ford*, the district court dismissed *after* the running of the statute of limitations, with the proviso that the case would be reopened upon a showing of good cause. *Ford*, 758 F.2d at 1024. In this case, the court dismissed prior to the running of the statute of limitations. That does not, however, affect our analysis, as the effect of the running of the statute of limitations on the propriety of granting a Rule 60(b) motion to reopen is not before us.

*Kevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Furthermore, he admits that the medical pass was reissued on the same day that it was initially confiscated. Therefore, the district court did not abuse its discretion in dismissing the claim against McClain-Roberson as frivolous.

For the foregoing reasons, we REVERSE and REMAND in part, and AFFIRM in part.