United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 05-30957

RONALD COLEMAN CLARK,

Plaintiff-Appellant,

VERSUS

MARK HEBERT, WARDEN, ST. MARY PARISH LAW ENFORCEMENT CENTER;
DAVID A. NAQUIN, SHERIFF, ST. MARY PARISH,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(6:05-cv-00100)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Ronald Coleman Clark ("Clark") appeals the decision of the district court dismissing with prejudice his civil rights lawsuit as frivolous and for failure to state a claim upon which relief could be granted. For the reasons stated below, we affirm.

I.

In 2004, Clark was in the custody of the Sheriff of St. Mary

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parish, Louisiana awaiting trial for murder. According to Clark, Officer Charlene Joseph ("Officer Joseph"), a correctional officer who was a cousin of his alleged victim, placed Clark in the same dormitory as another cousin of his alleged victim. Subsequently, Clark was attacked by the detainee cousin, causing Clark to become blind in one eye. Clark filed an administrative grievance with the Warden of the detention facility, arguing that the "entiler [sic] facility" was responsible for his injury because of inadequate manpower and security cameras. At the first level of review, it was determined that Clark's grievance was unfounded, and the Warden agreed with this disposition on further review. Clark never sought review by the Sheriff, which would have been the third and final step in the administrative grievance process.

Clark later brought a 42 U.S.C. § 1983 lawsuit against the Sheriff of St. Mary Parish, David A. Naquin, and the Warden of the detention facility, Mark Hebert, for violating his constitutional rights. He sought $100 million in damages. In his complaint, which he filed pro se, Clark alleged that the defendants had violated his right to protection while in custody by providing inadequate manpower and security cameras. He did not name Officer Joseph as a defendant, and he did not provide any other reason why the Sheriff or the Warden should be held liable. The Magistrate Judge recommended that Clark's complaint (1) be dismissed with prejudice as frivolous and for failing to state a claim upon which relief could be granted or, in the alternative, (2) be dismissed without

2

prejudice for failing to exhaust available administrative remedies. Clark filed an objection to the Magistrate's recommendation, stating summarily that he should be allowed to amend his complaint because of "ineffective assistance and law library" and that he had exhausted his administrative remedies because he "wasn't gaven [sic] a Request For Sheriff's Review." The district judge entered judgment against Clark, dismissing his suit with prejudice as frivolous and for failing to state a claim upon which relief could be granted.

## II.

Typically, we review the dismissal of an in forma pauperis complaint as frivolous for abuse of discretion, *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); however, where, as here, the district court also finds that the complaint fails to state a claim upon which relief may be granted, we review the entire complaint de novo, *see Gieger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Clark argues on appeal that (1) the district court should have permitted him to amend his complaint to add Officer Joseph as a defendant; (2) the district court should have permitted him to conduct discovery, which would have revealed deliberate indifference with respect to the Sheriff and the Warden; and (3) the district court should have stayed the lawsuit to allow him to exhaust available administrative remedies. Because the district court did not dismiss Clark's lawsuit for failure to exhaust, we do

3

not consider Clark's third point of error.

Generally, a district court errs if it dismisses a pro se complaint for failure to state a claim without giving the complainant an opportunity to amend. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). However, *Jones* recognizes that

> if the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold. Such a protracted process is likely to disrupt public officials from their duties. . . . At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause has not been established, the court should finally dismiss the suit.

*Id.* (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). In this vein, if it is evident that the plaintiff has pleaded his best case, there is no need to give him an opportunity to amend his pleadings. *Jacquez*, 801 F.2d at 793. Here, the Magistrate Judge found, "Plaintiff's complaint and the copies of his ARP Grievances specifically detail his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the undersigned that [P]laintiff has pled his best case and need not be afforded any further opportunity to amend." After thoroughly reviewing the record, we find no fault with this finding. Throughout the grievance process and the district court proceedings, Clark consistently complained about general security problems at the detention facility, not Officer Joseph's alleged bad acts. Clark had ample opportunity to lodge a

4

formal complaint against Officer Joseph; he chose instead to complain about the general security conditions in the facility in which he was housed. It would be disruptive to permit Clark to amend his complaint at this late date, especially considering that he has not exhausted any available administrative remedies with respect to Officer Joseph.

Further, the district court did not err in dismissing Clark's complaint without permitting discovery because Clark failed to state a claim upon which relief could be granted. Clark alleged only negligence on the Sheriff and the Warden's part in securing the facility, and negligence does not give rise to a § 1983 cause of action. *See Jacquez*, 801 F.2d at 792 ("Recently, the Supreme Court specifically held [in *Davidson v. Cannon*, 474 U.S. 344 (1986)] that a § 1983 civil rights claim cannot be based on a negligent failure to protect."). Moreover, the Sheriff and the Warden cannot be held liable on any theory of *respondeat superior* or vicarious liability. *See Gobert v. Caldwell*, 463 F.3d 339, 350 n.37 (5th Cir. 2006). To prevail against them as supervisors, Clark would have had to allege facts supporting a failure to supervise, *id.*, and he did not.

### III.

Accordingly, we affirm the district court's dismissal with prejudice of Clark's civil rights lawsuit as frivolous and for failure to state a claim upon which relief could be granted.

AFFIRMED.