# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10208
Summary Calendar

JAMES CURBOW

Plaintiff-Appellant

v.

STACY L JACKSON, Assistant Warden; GARY J STANTON, Security Lieutenant; JONATHAN L LEUCK, Security Sergeant; WAYNE A HINKLE, Security Officer; KELLI WARD, Region VI Administrative Assistant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-8

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Curbow, Texas prisoner # 900052, moves for leave to proceed in forma pauperis (IFP) following the district court's order denying IFP status and certifying that his appeal is not taken in good faith. The district court dismissed Curbow's 42 U.S.C. § 1983 suit as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Curbow argues that the defendants failed to protect him and were deliberately indifferent to his safety when they called for outdoor recreation after being warned that a prison riot would occur. Curbow was stabbed and beaten during the riot. Curbow argues that the defendants obviously knew that the riot would ensue because they had been told by a prison instructor who heard about the planed riot from an inmate and because they were prepared with gas grenades.

Curbow's "appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Curbow's motion for leave to proceed IFP is therefore granted. This court may, however, address the merits of Curbow's claims at this time and may affirm on any ground supported by the record. Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Even if Curbow has alleged sufficient circumstantial evidence to support a finding that the defendants were "subjectively aware of a risk to inmate health or safety," see Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003), "[n]o liability exists, . . . if an official reasonably responded to a known substantial risk, 'even if the harm was ultimately not averted.'" Longoria v. Texas, 473 F.3d 586, 593 (5th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 844 (1994)). Curbow has alleged that prison supervisors repositioned security officers, equipped them with full riot gear, and placed them in the recreation yards. Curbow admits that prison officials were positioned and ready to respond prior to recreation being called. The district court's conclusion that the defendants reasonably responded to a potentially substantial risk was not an abuse of discretion. See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006).

Curbow also argues that his due process rights were violated because he was found guilty in a prison disciplinary proceeding of fighting in the riot.

Curbow argues that the determination of his guilt was based solely on Hinkle's false testimony. Curbow lost good-time credits in the proceeding, along with other privileges.

Curbow's due process claim is not cognizable in his § 1983 suit because a judgment in his favor "would necessarily imply the invalidity" of his prison disciplinary proceeding. Heck v. Humphrey, 512 U.S. 477, 481-82, 486-87 (1994); see also Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). The district court's judgment is affirmed.

IFP GRANTED; AFFIRMED.