# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2010

No. 09-50764
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY W ROBERSON,

Plaintiff-Appellant

v.

RONALD D EARLE; BUDDY MEYER; MARGO FRAISER; STAN HIBBS; STANLEY L KNEE; ROBERT TRAVIS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-21

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony W. Roberson, Texas prisoner # 838289, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e). He argues that the district court erred in concluding that his complaint was not timely filed. We review for an abuse of discretion. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The statute of limitations applicable in the instant case is borrowed from that applicable to Texas personal injury claims, which is two years. *Id.* Any relevant tolling provisions of Texas law also are applicable. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted).

Roberson's assertion that his cause of action did not accrue until the December 2008 dismissal of his "remaining" robbery cause is without factual support. Roberson's own pleadings indicate that in January 2005, he became aware that he "had better do something" because the defendants had determined to deny him the property. Roberson's claim thus accrued, at the latest, at that time. *See Piotrowski*, 237 F.3d at 576.

Assuming, arguendo, that the continuing tort doctrine is available in the instant factual and procedural scenario, we reject Roberson's argument that the defendants' actions constituted a continuing tort. The seizure of his property was a single act and its continued retention was merely an "ill effect" of the original act. Roberson's reliance on the doctrine of fraudulent concealment fails because even accepting Roberson's assertion that the defendants have conspired to conceal his ownership rights to the property, they did not conceal the fact of their deprivation of the property.

Roberson's argument that dismissal of his complaint under § 1915 was error because he paid a partial filing fee is without merit. Similarly, his argument that application of the Prison Litigation Reform Act (PLRA) was inappropriate is without merit because § 1915(e)(2)(B)(i) "requires dismissal of

frivolous IFP actions even if they are brought by non-prisoner plaintiffs." We also note that following the enactment of § 1915(e), a dismissal as frivolous in an IFP proceeding should be deemed a dismissal with prejudice unless the district court specifies that the dismissal is without prejudice. *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc). Accordingly, the dismissal of Roberson's complaint with prejudice under § 1915(e) was not an abuse of discretion.

AFFIRMED.