# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

No. 10-50109
Summary Calendar

Lyle W. Cayce
Clerk

RAUL ALEMAN, JR.,

Plaintiff-Appellant

v.

SAN ANTONIO POLICE DEPARTMENT; OFFICER M. GONZALES, #0669;
OFFICER TOMAS A. ALONSO, #2135,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-750

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raul Aleman, Jr., Texas prisoner # 1566499, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit against the San Antonio Police Department and two of its officers. Aleman argues that the district court erred in concluding that the suit was time barred because he presented a timely complaint to prison officials while housed at the Bexar County Jail but that the officials lost the complaint. He also argues that "most states" allow a litigant "up

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50109

to (5 1/2) year's" to file suit and that whenever a litigant appeals their claims from one state to another, the statute of limitations changes.

A district court shall dismiss a prisoner's in forma pauperis complaint if the court determines, inter alia, that the complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Claims that are clearly time barred are properly dismissed under § 1915. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Review is for an abuse of discretion. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

A pro se prisoner's pleading is deemed filed on the date it is provided to prison officials for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). However, Aleman offered nothing to substantiate his claim that he presented a timely complaint to prison officials for mailing. Aleman did not include in his pleadings any sworn statement attesting to the alleged timely filing. Nor did he provide a date on which he gave the filing to prison officials for mailing. Based on such, it cannot be said that the district court's factual finding that Aleman did not timely file a complaint is clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

Aleman does not provide any authority in support of his assertion that the applicable statute of limitations is over five years. However, it is well-settled that the limitations period applicable to § 1983 cases in the forum state of Texas is the two-year period provided by Texas law. *See Stanley,* 464 F.3d at 568. Aleman thus has not shown that the district court abused its discretion in dismissing his complaint as time barred.

AFFIRMED.