# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2012

Lyle W. Cayce
Clerk

No. 11-10125
Summary Calendar

NORMAN CHARLES OLIVER,

Plaintiff-Appellant

v.

DAVID BROWN, Chief of Police, Dallas Police Department; CORPORAL
DALLAS POLICE DEPARTMENT; DALLAS POLICE OFFICER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2154

Before  BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Norman Charles Oliver, Texas prisoner # 1544372, filed a civil rights
complaint pursuant to 42 U.S.C. § 1983 against certain Dallas police officers and
emergency personnel, alleging that they violated various constitutional rights
after Oliver was purportedly assaulted by gang members on July 19, 2008.
Oliver signed his complaint on October 12, 2010, and it was received by the
district court on October 14, 2010.  The magistrate judge sua sponte concluded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Oliver's complaint was barred by the applicable two-year statute of limitations and recommended dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A.  Oliver filed a response and offered evidence that he delivered documents related to a civil rights complaint to prison officials for mailing to the district court, and that the documents were mailed on July 9, 2010.  The district court accepted the magistrate judge's findings and recommendation and dismissed Oliver's complaint.  Oliver appealed, a judge of this court granted Oliver leave to proceed in forma pauperis (IFP), and the Dallas City Attorney's Office filed an amicus brief to represent the position of the unserved city officials.  We vacate the district court's judgment and remand for further factual development.

As a threshold matter, the amicus argues that Oliver has waived the issue of limitations by failing to brief it.  Although Oliver's pro se brief addresses only the merits of his claims and not the district court's ruling on limitations, Oliver's IFP brief addressed this question.  Further, the amicus has analyzed the issue and has not asserted any prejudice resulting from Oliver's deficient brief.  Accordingly, we exercise our discretion to consider the limitations question.  *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

We review the dismissal as frivolous for an abuse of discretion.  *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  A district court abuses its discretion when its decision is based on a legal error "or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (internal quotation marks and citation omitted).

In his objections to the magistrate judge's report and recommendation, Oliver argued that his "initial claim," including a requested IFP statement, had been mailed in July within the limitations period, and that authorities had lost it.  In support of this contention, he offered several documents, including an

inquiry response from the prison library, which indicated that an IFP statement he requested was "processed" on July 8, 2010; an inquiry to the mail room dated August 16, 2010, in which he asked whether his IFP account statement and other unspecified "documents to be filed in the Southern District Federal Court" had been mailed; a response to that inquiry indicating that his documents had been "mailed out" on July 9, 2010; a copy of a September 20, 2010, letter to the clerk of the Southern District of Texas, asking whether the court had received a § 1983 claim that he filed in July, followed by a response in the negative; and a copy of a letter he wrote to a judge in the Southern District on September 30, regarding a paper rejected as deficient, with a response that there were no filings in his name.

If Oliver did deliver a § 1983 complaint to prison officials for mailing within the limitations period, he may be entitled to the benefit of the mailbox rule. *See Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995). The record, however, is insufficiently developed on this point. Although the amicus urges us to follow *Aleman v. San Antonio Police Dep't*, 411 F. App'x 709, 709-10 (5th Cir. 2011), that case is distinguishable given the evidence Oliver provided supporting his assertions. Accordingly, a remand for further factual development is appropriate. *See Stoot v. Cain*, 570 F.3d 669, 671-72 (5th Cir. 2009).

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We express no opinion regarding the proper resolution of this matter.

VACATED AND REMANDED.