# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2015

Lyle W. Cayce
Clerk

ERIC D. STEWART,

> Plaintiff-Appellant,

v.

BRAD LIVINGSTON, Executive Director of Texas Department of Criminal Justice in his official capacity; THOMAS LEEPER; JUANITA GONZALEZ; STUART JENKINS; RISSIE L. OWENS; DAVID GUTIERREZ; CONRITH DAVIS; JACKI DENOYELLES; CHARLES AYCOCK,

> Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1812

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric D. Stewart, Texas prisoner # 1209188, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit as time-barred. He argues, for the first time on appeal, that his suit was timely because it was filed within two years of exhausting his state remedies. Alternatively, Stewart contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20700

that he was entitled to an evidentiary hearing to determine the date on which his cause of action accrued.

These arguments lack merit. The undisputed facts, including the allegations in the complaint, show that Stewart was made aware of the imposition of the sex offender conditions, the basis for his lawsuit, when his most recent parole certificate containing those conditions issued on September 16, 2008. He therefore knew or should have known the facts supporting his claims on that date, meaning that his cause of action accrued, and the limitations period began to run, at that time. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). As the district court determined, the limitations period expired two years later, on September 16, 2010, and the instant lawsuit, filed more than three years after the expiration of the limitations period, is time-barred. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); TEX. CIV. PRAC & REM. CODE ANN. § 16.003(a).

Stewart presented no summary judgment evidence to support his conclusory assertion that his lawsuit is timely, and he points to no material factual dispute which precluded summary judgment. *See* FED. R. CIV. P. 56(c)(1). The instant appeal is without arguable merit and is therefore dismissed as frivolous. *See* 5th Cir. R. 42.2.

This court's dismissal of Stewart's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Stewart is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.