# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

No. 16-11178

OSCAR ARMANDO, also known as Oscar Armando Sarrez, also known as Oscar Armando Mendoza, also known as Oscar Armando Escobar,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; RECORDS; UCC STATE CLASSIFICATION COMMITTEE MEMBERS,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CV-93

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oscar Armando, Texas prisoner # 1361831, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Additionally, he moves to enforce or for further relief.

In dismissing Armando's complaint as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), the magistrate judge found that it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by the applicable two-year statute of limitations and that it raised claims which were either raised in *Armando v. Guerrero*, No. 1:13-CV-040 (N.D. Tex.) or could have been raised therein.

For the following reasons, Armando has not shown that his appeal presents legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  First, Armando's argument that his instant cause of action did not accrue until he received a copy of Warden Matt Kennelly's affidavit in *Armando v. Guerrero* is unavailing. Accrual occurred in 2012 when he sustained injuries after the denial of his transfer to another prison.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  Thereafter, he untimely filed this action in 2015.  *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Next, Armando has briefed no challenge to the magistrate judge's alternative ruling that his instant action is duplicative of the claims he raised in *Armando v. Guerrero*.  Accordingly, he has abandoned any challenge to that ruling.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Armando has failed to raise a legal point for appeal that is arguable on the merits, we deny his motion to proceed IFP on appeal and dismiss the appeal as frivolous.  *See Howard*, 707 F.2d at 220; *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.  In light of our dismissal and the lack of clarity in Armando's motion to enforce or for further relief, we deny that motion as well.  *See Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995).

MOTIONS DENIED and APPEAL DISMISSED.