# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 20-40650
Summary Calendar

LARRY PEARSON,

*Plaintiff—Appellant*,

*versus*

KIMBERLY WILLIAM; JJ PITTS; JERRY HAGGARD,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-81

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Larry Pearson, Texas prisoner # 1249095, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit, which raised allegations concerning a failure to protect him and deprivation of property, for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). To

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

raise a viable § 1983 claim, one must show that a state actor infringed his constitutional rights. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). We review the dismissal under the de novo standard. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

To raise a viable failure to protect claim, a prisoner must show that prison officials were deliberately indifferent to his safety needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Pearson shows no error in connection with the district court's determination that he had not met this standard but instead insists that he is entitled to relief because prison protocols were ignored. He is wrong. *See Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Doe*, 66 F.3d at 1406. We decline to consider the facts and arguments he presents in support of this claim that were not raised in the district court. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th Cir. 1999).

"Under the *Parratt/Hudson*[1] doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotation marks and citation omitted). The Texas tort of conversion provides an adequate state post-deprivation remedy to prisoners who claim due process violations based on deprivation of their property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). The district court's rejection of Pearson's deprivation of property claim was grounded in these principles and was thus sound, and Pearson shows no error in connection with it. His

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

No. 20-40650

argument that the deprivation was the result of the defendants ignoring prison policy fails to state a § 1983 claim upon which relief can be granted. *Stanley*, 464 F.3d at 569; *Doe*, 66 F.3d at 1406.  His argument that he raised a claim of stolen property and not deprivation of property shows no error because he cites nothing to show a material difference between the two phrases.  The judgment of the district court is AFFIRMED.