# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2010

Lyle W. Cayce
Clerk

No. 10-50230
Summary Calendar

MARKUS A. GREEN,

Plaintiff-Appellant

v.

WILLIAM GRAMPRE; AVIANCA WONG,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-865

Before KING, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Markus A. Green, Texas prisoner # 1118715, moves this court to proceed in forma pauperis (IFP) in this appeal from the dismissal of his complaint. In his complaint, Green claimed under 28 U.S.C. § 1985(3) that the defendants conspired with law enforcement officers to have him falsely arrested on a sexual assault charge. Green also argued that Tex. Occ. Code §§ 165.152 and 165.153, the statutes under which he was convicted for practicing medicine without a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

license and causing psychological harm based on an incident for which he was arrested in July 2001, were unconstitutional.

The district court determined that Green's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court further determined that, to the extent that Green's claims were not barred by *Heck*, they were barred by the applicable two-year statute of limitations. The district court dismissed Green's complaint as frivolous and denied leave to proceed IFP, certifying that the appeal was not taken in good faith. Green's IFP motion is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Green argues that the *Heck* doctrine does not apply because Grampre and Wong are not state actors. He also contends that the *Heck* bar does not apply because his claims concern his arrest for sexual assault, of which he was never convicted. With regard to the district court's determination that his claims were time barred, Green argues that his claims concerning the unconstitutionality of statutes are not time barred because the statutes are still in effect.

Because there is no federal statute of limitations for actions brought pursuant to § 1985(3), federal courts borrow the forum state's general personal injury limitations period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Dumas v. Town of Mt. Vernon*, 612 F.2d 974, 977 (5th Cir. 1980) (overruled on other grounds, *Larkin v. Pullman-Standard Div., Pullman, Inc.*, 854 F.2d 1549, 1569 (11th Cir. 1988)). Texas has a two-year limitations period for personal injury actions. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). The district court correctly determined that Green's claims accrued more than two years before he filed his complaint in December 2009. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

To the extent that Green seeks to challenge the constitutionality of the Texas statutes under which he was convicted, his claims amount to an attack on his conviction. The district court correctly determined that a successful outcome

2

for Green would imply the invalidity of his criminal conviction for practicing medicine without a license and causing psychological harm. *See Heck*, 512 U.S. at 486. Green's claims are therefore barred under *Heck*. *See id.*

Green has not demonstrated that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is denied, as is Green's motion to challenge the constitutionality of federal and state statutes, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Green is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.