# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2010

No. 10-50223
Summary Calendar

Lyle W. Cayce
Clerk

MARKUS A GREEN,

Plaintiff-Appellant

v.

LISA VU,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-913

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Markus A. Green, Texas inmate # 1118715, moves to proceed in forma pauperis (IFP) in this appeal from the dismissal of his complaint. In his complaint, Green claimed under 28 U.S.C. § 1985(3) that defendant Lisa Vu conspired with law enforcement officers to violate his civil rights by making false sexual assault charges which resulted in his arrest and indictment. Green, who was convicted of practicing medicine without a license and causing psychological harm, *Green v. State*, 137 S.W.3d 356, 359 (Tex. Ct. App. 2004), also requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court certify the question of the constitutionality of sections 165.152 and 165.153 of the Texas Occupations Code, the statutes that criminalize the practice of medicine without a license, to the Texas Attorney General pursuant to 18 U.S.C. § 2403(b).

The district court determined that Green's challenge to the constitutionality of the statutes used to convict him was barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court further determined that, to the extent that Green's claims against Vu were not barred by *Heck*, they were barred by the applicable statute of limitations given that Green was complaining of events that occurred in 2001 and 2002 and Green had not filed his complaint until 2009. The district court dismissed Green's complaint as frivolous and denied leave to proceed IFP, certifying that the appeal was not taken in good faith. Green's IFP motion is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Green argues that the *Heck* doctrine does not apply because he was not convicted of an offense that involved Vu. Green contends that his appeal is timely, but he does not appear to realize that his claim against Vu was dismissed on the grounds that it was barred by the applicable statute of limitations.

Because there is no federal statute of limitations for actions brought pursuant to § 1985(3), federal courts borrow the forum state's general personal injury limitations period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Dumas v. Town of Mt. Vernon*, 612 F.2d 974, 977 (5th Cir. 1980) (overruled on other grounds, *Larkin v. Pullman-Standard Div., Pullman, Inc.*, 854 F.2d 1549, 1569 (11th Cir. 1988)). Texas has a two-year limitations period for personal injury actions. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). The district court correctly determined that Green's claim against Vu accrued more than two years before he filed his complaint in 2009. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

2

To the extent that Green seeks to challenge the constitutionality of the Texas statutes under which he was convicted, either by raising a claim in his brief or through motions, his efforts amount to an attack on his conviction. The district court correctly determined that a successful outcome for Green would imply the invalidity of his criminal conviction for practicing medicine without a license and causing psychological harm. *See Heck*, 512 U.S. at 486. Green's claims are therefore barred under *Heck*. *See id.*

Green has not demonstrated that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is denied, as are Green's motions to challenge the constitutionality of federal and state statutes, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Green has previously accumulated two strikes. *See Green v. Grampre*, No. 10-50230 (5th Cir. July 30, 2010). Because Green has now accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.